UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS CARR,<br><br>Defendants. | 05 10890 RCL<br>Civil Action No.<br>RECEIPT # 63913<br>AMOUNT $ 250.00<br>SUMMONS ISSUED 1<br>LOCAL RULE 4.1 —<br>WAIVER FORM —<br>MCF ISSUED —<br>BY DPTY. CLK. MP<br>DATE 5/2/05<br>MAGISTRATE JUDGE RBC |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Iron Mountain Incorporated ("Iron Mountain"), Iron Mountain Information Management, Inc. ("IMIM"), C. Richard Reese ("Reese"), John F. Kenny, Jr. ("Kenny"), Garry B. Watzke ("Watzke"), Larry L. Varn ("Varn"), and Charles G. Moore ("Moore" and collectively with the foregoing persons and entities, the "Plaintiffs"), by their attorneys, Sullivan & Worcester LLP, as and for their complaint for declaratory and injunctive relief against defendant Thomas Carr ("Carr"), allege as follows:

Statement of Action

1. This is an action for a declaratory judgment and injunctive relief. Carr claims, falsely, that certain of the Plaintiffs made promises to or entered into one or more agreements with him and that those promises or agreements have not been fulfilled. Plaintiffs deny the existence of any unperformed promises to, or agreements with, Carr and therefore are entitled to a binding declaratory judgment and order that they have no agreements with or other legal

{B0400083; 1}

obligations to Carr and to a preliminary and permanent injunction against Carr and anyone acting in concert with him from instituting or prosecuting any actions or otherwise continuing to pursue such false claims.

## Parties

2.  Iron Mountain (NYSE: IRM) is a Pennsylvania corporation with a principal place of business located at 745 Atlantic Avenue, Boston, Massachusetts. Iron Mountain is the global leader for outsourced records and information management services ("RIMS").

3.  IMIM is a Delaware corporation with a principal place of business located at 1000 Campus Drive, Collegeville, Pennsylvania. IMIM is a wholly-owned subsidiary of Iron Mountain.

4.  Reese is an individual who resides in Boston, Massachusetts. Reese is now, and was at all times material to the matters alleged herein, the Chairman of the Board of Directors and Chief Executive Officer of Iron Mountain and Chief Executive Officer of IMIM.

5.  Kenny is an individual who resides in Hingham, Massachusetts. Kenny is now, and was at all times material to the matters alleged herein, an Executive Vice President and the Chief Financial Officer of Iron Mountain and IMIM.

6.  Watzke is an individual who resides in Marblehead, Massachusetts. Watzke is now, and was at all times material to the matters alleged herein, a Vice President and the General Counsel of Iron Mountain and IMIM.

7.  Varn is an individual who resides in Watertown, Massachusetts. Varn is now, and was at all times material to the matters alleged herein, a partner of Sullivan & Worcester LLP ("S&W"), which regularly represents Iron Mountain and IMIM.

8.  Moore is an individual who resides in Plymouth, Massachusetts. Moore is the principal of C.G.M. Private Detective Group, and was engaged by Varn and S&W, in their

capacity as counsel to Iron Mountain and IMIM, to provide investigatory services regarding various matters referred to herein.

9. Carr is an individual who, upon information and belief, resides at 152 Chestnut Way, Manalapan, New Jersey.

## Jurisdiction and Venue

10. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the dispute occurred in this judicial district.

## Background

12. Beginning in the fourth quarter of 2000, Iron Mountain and IMIM commenced an investigation of the alleged activities of an Iron Mountain director who was the former president of IMIM and a new competitor in the RIMS industry. At that time, Iron Mountain and IMIM had received credible information that the Iron Mountain director, directly and through certain of his associates, was surreptitiously financing, supporting, and providing advice to a competitor in violation of certain restrictive covenants and his fiduciary obligations to Iron Mountain and its stockholders. S&W and Varn represented Iron Mountain and IMIM in connection with this investigation, and Moore provided investigatory services to S&W, in connection with this investigation. The investigation culminated in a series of actions.

13. In the fall of 2001, during the course of Iron Mountain and IMIM's investigation, Carr contacted Watzke purporting to have information relevant to the investigation.

14. Beginning in the fall of 2001 and spanning through 2002 and 2003, the Plaintiffs had various communications and dealings with Carr regarding the information that Carr claimed to be relevant to Iron Mountain's and IMIM's investigation.

15. As Iron Mountain and IMIM continued their investigation, they discovered significant credibility issues with respect to Carr including, but not limited to, his inability to corroborate certain statements and his propensity to embellish and exaggerate certain confirmed facts.

16. Carr, personally and through his recently-retained counsel, has claimed that during the course of the communications and dealings between Plaintiffs and Carr, one or more of the Plaintiffs made promises to or entered into agreements with Carr. Carr claims that many of these communications occurred in Massachusetts or by way of interstate communications wherein one or more of the participants was in Massachusetts.

17. For example, Carr claims that there was a March 26, 2002 meeting at Iron Mountain's corporate headquarters at 745 Atlantic Avenue, Boston, Massachusetts, among Carr, Kenny, Reese, Watzke, and other individuals not named in this complaint. Carr claims that during this March 26, 2002 meeting Iron Mountain promised "to hire Carr as transportation consultant and to provide $25 Million in courier business to Carr" and another individual.

18. Carr also claims that on April 2, 2002, he participated in a telephone conference with his attorney and Watzke, whose office is located at Iron Mountain's corporate headquarters in Boston. Carr claims that "Watzke promised that [Iron Mountain] would pay for Carr's attorneys fees in his suit against [Carr's former partner] and [Iron Mountain] would give Carr employment."

19. Carr further claims that on April 2, 2002, his attorney participated in a telephone conference with Watzke and that "Watzke told [Carr's attorney] that R. Reese had asked him, Watzke, to call [Carr's attorney] and to inform [Carr's attorney] that 1) [Iron Mountain] would support Carr, 2) [Iron Mountain] would pay [Carr's attorney's] entire bill once the [then pending] arbitration . . . had been concluded, and 3) that once the arbitration had been concluded, R. Reese on behalf of [Iron Mountain], would meet with [Carr's attorney] and Carr to discuss the fulfillment of [Iron Mountain's] promises to Carr."

20. Carr, personally and through his counsel, claims that the Plaintiffs have not fulfilled the promises or agreements set forth above, and others, and that Carr has lost or been deprived millions of dollars as a result.

## Count I: Declaratory Judgment and Injunctive Relief

21. The Plaintiffs incorporate by reference herein the allegations in paragraphs 1 through and including 20 as if set forth in full herein.

22. Carr claims that the Plaintiffs made promises to or entered agreements with Carr and that those promises or agreements have not been fulfilled.

23. Contrary to Carr's claims, the Plaintiffs have no unfilled promise to, or agreements with, or any other legal obligations to, Carr.

24. The Plaintiffs and Carr have adverse legal interests and an actual controversy exists and is continuing between Plaintiffs on the one hand, and Carr on the other.

25. The dispute between the Plaintiffs and Carr is a real and substantial controversy, which is justiciable by this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201.

26. By reason of the foregoing, the Plaintiffs are entitled to a conclusive decree declaring their rights and legal obligations as they relate to Carr's claims and to a preliminary and permanent injunction enjoining and restraining Carr and others from from instituting or

proceeding with any action or suit against any of the Plaintiffs or any other person or entity in any other jurisdiction with respect to or in any way relating to or arising out of any alleged promises by or agreements with any of the Plaintiffs or any person or entity affiliated or associated with any of them.

WHEREFORE, the Plaintiffs respectfully request that this Court:

1. Declare that the Plaintiffs have no agreements or other legal obligations to Carr;

2. Enjoin and restrain Carr or any of his agents, servants, employees, or attorneys from instituting or proceeding with any action or suit against any of the Plaintiffs or any other person or entity in any other jurisdiction with respect to or in any way relating to or arising out of any alleged promises by or agreements with any of the Plaintiffs or any person or entity affiliated or associated with any of them; and

3. Award the Plaintiffs such further relief as the Court deems just, including without limitation reasonable attorneys" fees and disbursements.

        IRON MOUNTAIN INCORPORATED;
        IRON MOUNTAIN INFORMATION
        MANAGEMENT, INC.; C. RICHARD
        REESE; JOHN F. KENNY, JR.; GARRY
        B. WATZKE; LARRY L. VARN; and
        CHARLES G. MOORE

By their attorneys,

May 2, 2005

Ira K. Gross (BBO #212720)
*igross@sandw.com*
Samual A. Miller (BBO #648568)
*smiller@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

- 6 -

{B0400083; 1}

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Iron Mountain Incorporated, Iron Mountain Information Management, Inc., C. Richard Reese, John F. Kenny, Jr., Garry B. Watzke, Larry L. Varn and Charles G. Moore

(b) County of Residence of First Listed Plaintiff  **Suffolk County**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ira K. Gross and Samual A. Miller, Sullivan & Worcester LLP, One Post Office Square, Boston, MA 02109, (617) 338-2800

## DEFENDANTS
Thomas Carr

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorney (If Known)  **05 10890 RCL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS-- Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 2201

Brief description of cause:
Need for binding declaratory judgment and injunctive relief

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 05/02/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Iron Mountain Incorporated v. Thomas Carr**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,        **05  10890 RCL**
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Ira K. Gross and Samual A. Miller, SULLIVAN & WORCESTER LLP
ADDRESS  One Post Office Square, Boston, MA 02109
TELEPHONE NO.  (617)338-2800

(CategoryForm.wpd - 2/15/05)