UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS CARR, <br><br> Defendants. <br><br> and <br><br> THOMAS CARR, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE, <br><br> Counterclaim-Defendants. | Civil Action No. 05 10890 RCL |

**MEMORANDUM OF LAW IN SUPPORT OF
COUNTERCLAIM-DEFENDANT JOHN F. KENNY, JR.'S
MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 12(b)(6), Counterclaim-Defendant John F. Kenny, Jr. ("Kenny") respectfully submits this memorandum in support of his motion to dismiss the First Amended Counterclaims (the "Counterclaims" or "Ctrclm.") of defendant and counterclaim-

plaintiff Thomas Carr ("Carr") for failure to state any claim upon which any relief could possibly be granted. The Counterclaims do not allege that Kenny made <u>any</u> promises or representations to Carr at all, let alone promises or representations that might be actionable. Accordingly, the Counterclaims as against Kenny should be dismissed with prejudice.

### Background

The Counterclaims allege that certain employees or agents of Iron Mountain Incorporated ("Iron Mountain") or its wholly-owned operating subsidiary Iron Mountain Information Management, Inc. ("IMIM") made promises or representations to Carr and that these promises or representations were not performed. See Ctrclm., ¶¶ 17 – 23. Kenny's name is mentioned only twice in the body of the Counterclaims. See Ctrclm., ¶¶ 19, 21. Specifically, paragraph 19 alleges:

> On March 26, 2002, Carr and Neebling met with John F. Kenney (sic), Richard Reese and Watzke at Iron Mountain's corporate headquarters in Boston, Massachusetts. Individually as well as acting as an agent of Iron Mountain and with such authority, Reese offered $5 million to Carr to use to buy out Pierce's share of Logisteq. In addition, at this meeting Reese further promised that Iron Mountain would hire Carr as a transportation consultant and provide $25 million in courier business to Systrans, Inc.

Ctrclm., ¶ 19. The only other time the Counterclaims mention Kenny, paragraph 21, they allege:

> On April 9, 2002 at a private resident in New York, New York, Carr, Neebling and Peslak met with Larry L. Varn, Richard Reese and John F. Kenney (sic). At this meeting, Varn, individually, as a partner in the Boston firm of Sullivan and Worcester and acting as an agent of Iron Mountain and within the scope of this authority, promised that Iron Mountain would wire a $50,000 retainer to Arthur Peslak, Mr. Carr's counsel in disputes involving Pierce. That transaction was completed two days later.

Ctrclm., ¶ 21. Through these Kenny references, Kenny is not alleged to have made a single promise or representation to Carr. In fact, it is not even alleged that Kenny communicated in any

way with Carr at the alleged meetings.  See Id.  There are no other references to Kenny anywhere in Carr's Counterclaims.

**Argument**

A complaint may, and should, be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In this case, since none of the allegations can possibly be read, in any light, even to allege any claim against Kenny, he should be dismissed, with prejudice, from the Counterclaims.

1. **The Counterclaims Do Not Allege a Viable Breach of Contract Claim Against Kenny.**

The Counterclaims fail to allege that Kenny made any promises or entered any agreements with Carr, a failure that is fatal to Carr's breach of contract claim.  A cause of action for breach of contract requires: (1) an agreement, expressed or implied, in writing or oral, (2) for a valid consideration, (3) performance or its equivalent by the plaintiff and breach by the defendant, and (4) damage to the plaintiff.  See Porcaro v. Chen, Nos. 0402896, 2004 WL 3091558 at *2 (Mass. Super. Nov. 30, 2004), citing Restatement (Second) of Contracts, § 1 (1979); see generally 17 Mass. Prac. Series, Prima Facie Case, § 2.1 (1997).  The first element, the existence of an agreement, requires mutual assent between the contracting parties resulting from a promise and an acceptance.  See I & R Mechanical, Inc. v. Hazelton Mfg. Co., 62 Mass. App. Ct. 452, 455, 817 N.E.2d 799, 802 (2004), citing Restatement (Second) of Contracts § 22(a) (1979); see generally 14 Mass. Prac. Series, Summary of Basic Law, § 7.11 – 7.13 (1997).  The Counterclaims' two references to Kenny do not allege the existence of any communication between Carr and Kenny, which means that there cannot have been any promise,

acceptance or mutual assent, nor, of course, any contract.  In the absence of a contract, there cannot have been a breach and this claim against Kenny should be dismissed.

### 2. The Counterclaims Do Not Allege any Viable Fraudulent Misrepresentation Claim Against Kenny.

Just as the Counterclaims fail to allege that Kenny made any promises or entered any agreements with Carr, they also fail to allege that Kenny made any representations upon which Carr could have relied.  Again, the absence of any such allegations is fatal.  A cause of action for fraud requires: (1) a false representation of a material fact, (2) with knowledge of its falsity, (3) for the purpose of inducing the claimant to act thereon, (4) with actual reliance upon the representation as true, and (5) with detriment to the claimant.  See Livingstone Flomeh-Mawutor v. Banknorth, N.A., 350 F. Supp. 2d 314, 319 (D. Mass. 2004) (dismissing fraud action because the representations were either not false or did not induce detrimental reliance).  The Counterclaims' two references to Kenny do not allege the existence of any communication between Carr and Kenny, which means that there cannot be any representation (false or otherwise) upon which Carr could have relied.  Silence cannot constitute fraudulent misrepresentation as it is not a representation; nor, in any event, has Carr pled that Moore misled him by any omission.  Goebel v. Schmid Bros., Inc. 871 F. Supp. 68, 75 (D. Mass. 1994) (holding "silence … [is] not a representation at all" and therefore cannot support a claim for misrepresentation).  Accordingly, since the Counterclaims cannot be read to allege the elements of fraudulent misrepresentation against Kenny, the Counterclaims against him should be dismissed.

{B0411004; 1}

## Conclusion

Carr has not alleged any fact, any statement, any representation, or any promise, by Kenny. Accordingly, the Court should enter an order dismissing the Counterclaims against him with prejudice.

Respectfully submitted,

**JOHN F. KENNY, JR.,**

By his attorneys,

May 31, 2005

/s/     Samual A. Miller
Ira K. Gross (BBO #212720)
*igross@sandw.com*
Samual A. Miller (BBO #648568)
*smiller@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts  02109
(617) 338-2800

{B0411004; 1}

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 31st day of May, 2005, served on counsel listed below, by first class mail (unless counsel receives electronic service by the Court), a true and correct copy of the foregoing **Memorandum of Law in Support of Counterclaim-Defendant John F. Kenny, Jr.'s Motion to Dismiss the First Amended Counterclaim**.

Kathleen C. Stone
Looney, Cohen, Reagan & Aisenberg LLP
109 State Street
2nd Floor
Boston, Massachusetts 02109

Read K. McCaffrey, Esq.
Patton Boggs LLP
2550 M Street, NW
Washington, DC  20037

/s/ Samual A. Miller
Samual A. Miller

{B0411004; 1}