UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS CARR,<br><br>Defendant<br><br>And<br><br>THOMAS CARR,<br><br>Counter-Plaintiff<br><br>v.<br><br>IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; AND CHARLES G. MOORE,<br><br>Counter-Defendants | Civil Action No.<br><br>05 10890 RCL |

### DEFENDANT'S AND COUNTER-PLAINTIFF'S MEMORANDUM OF REASONS AND CITATIONS OF AUTHORITY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SECOND AMENDED COUNTER-CLAIM

Thomas Carr, Defendant and Counter-Plaintiff in the above-captioned proceedings herewith provides for the Court's review the following Consolidated Memorandum of Reasons and Citations of Authority in Support of his Motion for Leave to File a Second Amended Counter-Claim and states:

1

3870902v1

### I.  Arguments Concerning Plaintiffs and Counter-Defendants Kenny and Moore

As set forth in the Consolidated Opposition filed simultaneously herewith, factual allegations set forth in Paragraphs 19, 23, 24, and 29 in the proposed Second Amended Counter-Claim moot Plaintiffs Kenny and Moore's arguments regarding a sufficiency or adequacy of pleading concerning the involvement of these two Counter-Defendants.

Pursuant to Civ. R. 15(a), in circumstances where a responsive pleading has been served, ". . . a party may amend the party's pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given where justice so requires."

See *Espinosa v. Sisters of Providence Health Systems*, 227 F.R.D. 24 (D. Mass. 2005) citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 9L. Ed. 2d. 222 (1962), "Wherein the United States Supreme Court has stated, the liberal amendment policy of Rule 15(a) is a mandate to be heeded."

The equally well recognized exceptions of undue delay, bad faith or dilatory motive do not apply to these proceedings.

### II.  Arguments Concerning the Sufficiency of Averments Relating to Detrimental Reliance in Count II

Counsel for Carr, as Defendant and Counter-Plaintiff, respectfully contends that allegations set out in Paragraphs 27, 34, 35, 36 and 37 of the proposed Second Amended Counter-Claim moot Plaintiffs' and Counter-Defendants' arguments regarding the sufficiency of allegations in Count II relating to detrimental reliance and knowingly making false statements – and incorporated here by reference is the argument supporting the granting of leave to amend as set forth in I above.

June 9, 2005

        Respectfully submitted,

        By his attorneys,

        _____
        Read K. McCaffrey (pro hac vice)
        PATTON BOGGS, LLP
        2550 M Street, NW
        Washington, DC 20005
        (202) 457-5243
        rmcccaffrey@pattonboggs.com

        Kathleen C. Stone
        BBO #481920
        Looney, Cohen, Reagan & Aisenberg LLP
        109 State Street
        Boston, MA 02109
        617-371-1050

3870902v1