UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE, <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> THOMAS CARR, <br><br> Defendant and Counterclaim-Plaintiff. | CIVIL ACTION NO. 05 10890 RCL |

## PLAINTIFFS' MOTION FOR IMPOUNDMENT

Plaintiffs and Counterclaim-Defendants Iron Mountain Incorporated, Iron Mountain Information Management, Inc., C. Richard Reese, John F. Kenny, Jr., Garry B. Watzke, Larry L. Varn and Charles G. Moore (collectively, the "Plaintiffs"), hereby move for an Order impounding and holding under seal the Affidavit of Larry L. Varn (the "Varn Affidavit"), the Affidavit of Charles G. Moore (the "Moore Affidavit"), and the accompanying documentary appendix, which are being filed in support of the Memorandum in Support of Plaintiffs Opposition to Motion to Disqualify (the "Opposition"), until this Court orders otherwise. Plaintiffs further request that the impounded documents be returned to Plaintiffs' counsel upon expiration of the Order.

In support of this Motion, the Plaintiffs state as follows:

1.     On July 20, 2005, Carr filed a Motion to Disqualify Plaintiffs and Counter-Defendants' Counsel.

2. On August 12, 2005, the Plaintiffs filed an assented-to motion moving to extend the deadline for filing the Opposition until August 18, 2005. The Court granted that motion.

3. In conjunction with the Opposition the Plaintiffs are filing the Moore Affidavit, which contains confidential information provided by defendant and counterclaim-plaintiff Thomas Carr ("Carr") relating to ongoing federal criminal investigations in New York and New Jersey.

4. Pursuant to its inherent authority and in accordance with Local Rule 7.2(a), the Court may enter an order for impoundment for an indefinite period of time upon a showing of "good cause."

5. The court has wide discretion to grant Plaintiffs' request for impoundment. See, e.g., Siedle v. Putnam Investments, Inc., 147 F.3d 7, 10 (1st Cir. 1998). The court must weigh the facts and circumstances of each case. See U.S. v. Sampson, 297 F. Supp. 2d 342, 345 (D. Mass. 2003).

6. Generally, the public has a common law right of access to documents in a judicial proceeding unless countervailing interests outweigh the public interest in access. See U.S. v. Salemme, 985 F. Supp. 193, 195 (D. Mass. 1997). Nevertheless, the danger of impairing law enforcement has been recognized as a countervailing interest that defeats the public's common law right of access. Id.

7. Plaintiffs believe that it is in the best interest of the ongoing federal criminal investigations that the information in the Moore Affidavit be impounded and kept under seal. There is no community interest served by providing the public with access to the details of the investigations. Further, if any such community interest exists, it is significantly outweighed by the risk of impairing the efforts of law enforcement.

     WHEREFORE, the Plaintiffs respectfully request that this Court enter an Order impounding the Moore Affidavit until this Court orders otherwise.

Respectfully submitted,

**IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE**

By their attorneys,

August 18, 2005

                        /s/ Samuel A. Miller
Ira K. Gross (BBO #212720)
*igross@sandw.com*
Samual A. Miller (BBO #648568)
*smiller@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

-3-

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of August, 2005, served on counsel listed below, by the method indicated, a true and correct copy of the foregoing **Plaintiffs' Motion for Impoundment**.

Kathleen C. Stone
Looney, Cohen, Reagan & Aisenberg LLP
109 State Street
2nd Floor
Boston, Massachusetts 02109
(by Hand Delivery)

Read K. McCaffrey, Esq.
Patton Boggs LLP
2550 M Street, NW
Washington, DC  20037
(by FedEx)

_____
Samual A. Miller

## LOCAL RULE 7.1 CERTIFICATION

On August 18, 2005, I conferred by electronic mail with counsel for the Defendant and the Defendant does not oppose this motion.

_____
Samual A. Miller

-4-