UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED;<br>IRON MOUNTAIN INFORMATION<br>MANAGEMENT, INC.; C. RICHARD<br>REESE; JOHN F. KENNY, JR.;<br>GARRY B. WATZKE; LARRY L. VARN;<br>and CHARLES G. MOORE,<br><br>   Plaintiffs and<br>   Counterclaim-Defendants,<br><br>   v.<br><br>THOMAS CARR,<br><br>   Defendant and<br>   Counterclaim-Plaintiff. | CIVIL ACTION<br>NO. 05 10890 RCL |

### AFFIDAVIT OF SAMUAL A. MILLER

I, SAMUAL A. MILLER, first being duly sworn, hereby depose and say:

1. I am an attorney-at-law of the Commonwealth of Massachusetts. I was admitted to practice law in Massachusetts on January 18, 2001, and I am a member in good standing of the bar. Additionally, I am admitted to practice law before this Court and the United States Court of Appeal for the First Circuit. Except where otherwise indicated, I make this affidavit from facts within my personal knowledge and I believe all matters set forth herein to be true, correct, and complete.

2. I am an associate at the law firm Sullivan & Worcester LLP ("S&W"). I make this affidavit in opposition to the motion by defendant and counterclaim-plaintiff Thomas a/k/a "Tommy" Carr ("Carr") to disqualify S&W as counsel to the plaintiffs in this action.

3. I have encountered James Neebling ("Neebling") on five (5) occasions; Carr was present at four (4) of those encounters.

4. On July 19, 2002, I attended a morning hearing with Larry L. Varn ("Varn") before Judge Messina in Middlesex Superior Court in New Brunswick, New Jersey. Following that hearing, I had lunch with Varn at a restaurant located in the Newark Airport Marriott. Carr, Neebling, and Charles G. Moore ("Moore") were also present during the lunch. I do not have a memory of any conversations during that lunch.

5. On September 9, 2002, following a hearing in Bedminster, New Jersey, before a Special Discovery Master (Hon. C. Judson Hamlin) in three (3) cases pending in Middlesex Superior Court in New Jersey that I attended with Varn, I joined Varn for dinner at Casa Dante in Jersey City, New Jersey. Carr, Neebling, Moore, and one or two other gentlemen (from Kansas City, Missouri) were also present during the dinner. I do not have any memory of any substantive conversations during dinner. I do recall discussing with Carr the fact that his children were attending college in Florida and that I had attended and graduated from the University of Florida in Gainesville, Florida. I also recall discussing the original Plaza III Kansas City Steakhouse, which also has a location in Boston, Massachusetts.

6. On the night of January 29, 2003, I again joined Varn for dinner at Casa Dante. Moore, Carr and Neebling were also present. Upon arriving and making my way to the bar area, I had a very brief conversation with Neebling regarding Arturo Soto ("Soto"). Neebling said that Soto wanted to help Iron Mountain and that he needed something, which I cannot remember. Having no knowledge regarding Soto, I told Neebling that he should speak to Varn regarding Soto. During dinner, Carr made a comment to the effect that Richard Reese had promised him $4 or $5 million for something, which I cannot remember. Varn replied, "Tommy, you know that didn't happen." I also remember Neebling acting distressed when Carr spoke and grabbing his head a couple of times during the conversations at dinner.

7. On March 5, 2005, I again joined Varn for dinner, this time at Delmonico's in New York City. Moore, Carr, Neebling, and Carr's attorney Art Peslak ("Peslak") were present. I do not remember any substantive conversations from that evening. Upon arriving, I remember a brief conversation with Moore regarding a recent trip that he had taken to Florida. I also remember a brief conversation with Peslak regarding an intellectual property case the he was litigating in Orlando, Florida. During dinner, I remember speaking again with Carr about his children attending college in Florida.

8. Varn and I met with Neebling on April 8, 2003, in the Freehold, New Jersey, area and at Iron Mountain's facility in Freehold to inspect the contents of what appeared to be an abandoned trailer containing old Logisteq records. Moore joined us about an hour after Varn and I arrived. Carr was not present.

Signed under the pains and penalties of perjury, this 18th day of August, 2005.

_____
Samual A. Miller

COMMONWEALTH OF MASSACHUSETTS )
                              ) ss.
COUNTY OF SUFFOLK             )

Then personally appeared before me
this 18 day of August, 2005,
Samual A. Miller, whom I know personally,
and executed the foregoing affidavit
under oath as his free act and deed.

_____
Notary Public

My commission expires: May 19, 2011

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of August, 2005, served on counsel listed below, by the method indicated, a true and correct copy of the foregoing **Affidavit of Samual A. Miller**.

Kathleen C. Stone
Looney, Cohen, Reagan & Aisenberg LLP
109 State Street
2nd Floor
Boston, Massachusetts 02109
(by Hand Delivery)

Read K. McCaffrey, Esq.
Patton Boggs LLP
2550 M Street, NW
Washington, DC  20037
(by FedEx)

_____
Samual A. Miller