# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; et al. <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS CARR, <br><br> Defendant <br><br> And <br><br> THOMAS CARR, <br><br> Counter-Plaintiff <br><br> v. <br><br> IRON MOUNTAIN INCORPORATED; et al. <br><br> Counter-Defendants | Civil Action No. <br><br> 05 10890 RCL |

### DEFENDANT AND COUNTER-PLAINTIFF THOMAS CARR'S
### MOTION FOR IMPOUNDMENT

Thomas Carr ("Carr"), Defendant and Counter-Plaintiff in the above-captioned proceedings, pursuant to Local Rule 7.1(b)(3) and by and through undersigned counsel, hereby moves this Honorable Court for an Order impounding and holding under seal, Carr's Motion to Strike Plaintiff Charles Moore's Affidavit in Support of Plaintiffs' Opposition to Defendant's Motion to Disqualify Counsel ("Opposition to Disqualify"). Carr further requests that the document be returned to his counsel upon expiration of the Order.

1

In addition, pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that they have conferred with counsel for the Plaintiffs who do not oppose this motion.

In support of this motion, Carr states as follows:

1. On July 20, 2005, Carr filed a motion to Disqualify Plaintiffs and Counter-Defendants' Counsel.

2. On August 12, 2005, Plaintiffs filed an assented-to motion moving to extend the deadline for filing their Opposition to Disqualify to August 18, 2005. The Court granted that motion.

3. In conjunction with the Opposition to Disqualify, Plaintiffs filed an Affidavit by Charles Moore and Larry Varn that contained confidential information related to ongoing federal criminal investigations in New York and New Jersey.

4. Carr's Motion to Strike the Affidavit of Charles Moore and any argument or portion of the Opposition to Disqualify referencing its contents including material from the affidavit that relate to the federal investigations.

5. Pursuant to its inherent authority and Local Rule 7.2(a), the Court may enter an order for impoundment for an indefinite period of time upon a showing of "good cause."

6. The Court has wide discretion to grant Carr's request for impoundment. *See, e.g., Siedly v. Putnam Invest., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). The Court must weigh the facts and circumstances of each case. *See U.S. v. Sampson*, 297 F. Supp. 2d 342, 345 (D. Mass. 2003).

7. Generally, the public has a common law right of access to documents in a judicial proceeding unless countervailing interests outweigh the public interest in access. *See U.S. v. Salemmei*, 985 F. Supp. 193, 195 (D. Mass. 1997). Nevertheless, the danger of impairing law enforcement has been recognized as a countervailing interest that defeats the public's common law right of access. *Id.*

2

8.  Carr believes that it is in the best interest of all parties information in his Motion to Strike be impounded and kept under seal as it quotes heavily from the Moore and Varn Affidavits. There is no community interest served by providing the public with access to the details of the investigations. Further, if any such community interest exists, it is significantly outweighed by the risk of impairing the efforts of law enforcement.

### Conclusion

WHEREFORE, Carr respectfully requests that this Court enter an Order impounding Carr's Motion to Strike until this Court orders otherwise.

August 22, 2005

Respectfully submitted,

By his attorneys,

/s/ Read K. McCaffrey

Read K. McCaffrey (pro hac vice)
PATTON BOGGS, LLP
2550 M Street, NW
Washington, DC 20005
(202) 457-5243
rmcccaffrey@pattonboggs.com

## Certificate of Service

I hereby certify that on this 22nd day of August 2005, I provided to Plaintiffs' counsel a true and accurate copy of the foregoing Defendant and Counter-Plaintiff Thomas Carr's:

1) Motion for Leave to File a Reply to Defendant Thomas Carr's Motion for Disqualification of Counsel;
2) Motion to Strike Plaintiff Charles Moore's Affidavit;
3) Memorandum in support of Motion to Strike Plaintiff Charles Moore's Affidavit; and
4) Motion for Impoundment

via pre-paid, first class U.S. mail.

Read K. McCaffrey

```
IRON MOUNTAIN INCORPORATED;   )
    et al.                    )
                              )
            Plaintiffs,       )
                              )
        v.                    )
                              )
THOMAS CARR,                  )
                              )
            Defendant         )
                              )         Civil Action No.
        And                   )
                              )
THOMAS CARR,                  )         05 10890 RCL
                              )
            Counter-Plaintiff )
                              )
        v.                    )
                              )
IRON MOUNTAIN INCORPORATED;   )
    et al.                    )
                              )
            Counter-Defendants )
```

## ORDER

In consideration of Defendant and Counter-Plaintiff Thomas Carr's Motion for Impoundment, it is this ___ day of _____, 2005 **ORDERED**:

Defendant and Counter-Plaintiff Thomas Carr's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant and Counter-Plaintiff Thomas Carr's Motion to Strike Charles Moore's Affidavit in Support of Defendant's Opposition to Plaintiffs Motion to Disqualify Counsel, be impounded until further order of the Court.

.

_____
Judge, United States District Court