**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IRON MOUNTAIN INCORPORATED; et al. | ) ) ) | |
| Plaintiffs and Counterclaim Defendants | ) ) ) | Civil Action Nos. 05CV10890 RCL |
| v. | ) ) | 05CV10999 RCL |
| THOMAS CARR, | ) ) | Magistrate Judge Collings |
| Defendant and Counterclaim-Plaintiff | ) ) ) ) | |

**DEFENDANT AND COUNTER-PLAINTIFF THOMAS CARR'S**
**MOTION FOR LEAVE TO SUPPLEMENT HIS MOTION TO DISQUALIFY**
**PLAINTIFFS' AND COUNTER-DEFENDANTS' COUNSEL**

Thomas Carr, Defendant and Counter-Plaintiff in the above-captioned proceedings, by and through undersigned counsel, respectfully moves this Court for leave to supplement his previously filed Motion to Disqualify Plaintiffs' and Counter-Defendants' Counsel.

Attached herewith as Exhibit A is the Proposed Supplement to the Motion to Disqualify with the Declaration of Michael Chazen, Esq. attached as Exhibit A1 thereto.  Mr. Chazen's testimony, which was provided to undersigned counsel yesterday, corroborates that of Arthur Peslak in connection with the pending Motion to Disqualify Plaintiffs' and Counter-Defendants' Counsel.

Also attached herewith as Exhibit B is the Proposed Order.

Dated: February 2, 2006

Respectfully submitted,

By his attorneys,

/s/ Read K. McCaffrey
Read K. McCaffrey (*pro hac vice*)
PATTON BOGGS, LLP
2550 M Street, N.W.
Washington, DC  20037
(202) 457-5243
rmcccaffrey@pattonboggs.com

## LOCAL RULE 7.1 CERTIFICATION

Counsel for the Plaintiffs and Counter-Defendants, were consulted on February 2, 2006

concerning this motion and they did not consent to the relief sought herein.

/s/ Read K. McCaffrey

Read K. McCaffrey (*pro hac vice*)

PATTON BOGGS, LLP
2550 M Street, N.W.
Washington, DC  20037
(202) 457-5243
rmcccaffrey@pattonboggs.com

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IRON MOUNTAIN INCORPORATED; <br>     et al. | ) <br> ) <br> ) | |
|    Plaintiffs and, <br>    Counterclaim Defendants | ) <br> ) | Civil Action Nos. |
| | ) | 05CV10890 RCL |
|         v. | ) <br> ) | 05CV10999 RCL |
| THOMAS CARR, | ) <br> ) | Magistrate Judge Collings |
|    Defendant and <br>    Counterclaim-Plaintiff | ) <br> ) <br> ) <br> ) | |

**DEFENDANT AND COUNTER-PLAINTIFF THOMAS CARR'S**
**PROPOSED SUPPLEMENT HIS MOTION TO DISQUALIFY**
**PLAINTIFFS' AND COUNTER-DEFENDANTS' COUNSEL**

Thomas Carr, Defendant and Counter-Plaintiff in the above-captioned proceedings, by and through undersigned counsel, respectfully submits to this Court this Proposed Supplement to his previously filed Motion to Disqualify Plaintiffs' and Counter-Defendants' Counsel.

Defendant and Counter-Plaintiff Thomas Carr specifically seeks to supplement his Motion to Disqualify Plaintiffs' and Counter-Defendants' Counsel with the Declaration of Michael Chazen, Esq. attached herewith as Exhibit A1. Mr. Chazen's testimony, which was provided to undersigned counsel yesterday, corroborates that of Arthur Peslak in connection with the pending Motion to Disqualify Plaintiffs' and Counter-Defendants' Counsel.

Dated: February 2, 2006

Respectfully submitted,


By his attorneys,


/s/ Read K. McCaffrey
Read K. McCaffrey (*pro hac vice*)
PATTON BOGGS, LLP
2550 M Street, N.W.
Washington, DC  20037
(202) 457-5243
rmcccaffrey@pattonboggs.com

# EXHIBIT A1

# UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

IRON MOUNTAIN INCORPORATED;   )
    et al.   )
    Plaintiffs and,   )
    Counterclaim Defendants   )       Civil Action Nos.
    v.   )       05CV10890 RCL
      )       05CV10999 RCL
THOMAS CARR,   )       MAGISTRATE JUDGE COLLINS
    Defendant and   )
    Counterclaim-Plaintiff   )
      )

## DECLARATION OF MICHAEL CHAZEN

I, Michael Chazen, do hereby swear and affirm under the penalties of perjury that the following is based on my personal knowledge, that I am over the age of 18 and am competent to testify and that if I were called to testify I would do so substantially as follows:

1.   I am an attorney at law in good standing and licensed to practice law in the state of New Jersey.  I have represented Defendant and Counterclaim Plaintiff Thomas Carr ("Carr") on matters prior to the events of this declaration.

2.   I have no interest, monetary or otherwise, at stake in this case.

3.   Approximately two (2) to three (3) years ago I was in contact with attorneys from the firm of Sullivan & Worcester ("S&W"), including Counter-Defendant Larry Varn ("Varn). During conversations with Varn, we discussed my prior representations of Carr and file management services utilized by a law partnership with which I was affiliated in the past.  I believed that Varn's purpose in contacting me was that he thought that I could corroborate certain aspects of Carr's impending testimony at the  arbitration in Philadelphia.  Further, it was my understanding that Varn believed that I could also serve as a character witness on behalf of Carr, who I understood was or would be involved in a business relationship with Iron Mountain.

4. I also had conversations with at least one other attorney at S&W, whose name I cannot recall. After speaking to Varn and the other attorney, it was my impression that he and S & W were serving as Carr's attorney. My recollection is that Varn and S&W were working with attorney Art Peslak regarding the arbitration and Carr's matter against Pierce, as well as some sort of business relationship between Carr and Iron Mountain. I had telephone conferences with Mr. Peslak, Mr. Varn and at least one (1) other attorney from S&W. During these teleconferences Mr. Varn or the other attorney from S&W whose name I cannot recall, discussed the truthful testimony they wanted me to provide during the arbitration, which testimony I understood would benefit Iron Mountain and Carr at the arbitration and also benefit their business relationship.

5. Varn asked me if I would attend the arbitration and he promised that S&W and/or Iron Mountain would pay my expenses. My expenses were in fact paid for by the S&W as a paralegal at the arbitration made arrangements for my transportation.

6. Because I believed that Varn and S&W were representing Carr, in conjunction with Peslak, I willingly complied with Varn's request to travel to Philadelphia. It was always my impression that Carr was being represented by the firm of S&W. In fact, based upon that understanding, I believe that I appeared in Philadelphia without subpoena. I would only have done that under limited circumstances, such as for the benefit of a mutual client.

7. When I arrived at the arbitration I was met by Varn and one or two of his associates. I was taken to a conference room where they prepared me to testify.

8. Varn and his associate left me with the distinct impression that they were acting as counsel for Iron Mountain and Mr. Carr.. I declare the forgoing to be true and correct under the penalty of perjury in accordance with 18 U.S.C. § 1746.      /s/ Michael Chazen

Michael Chazen, Esq.  2/2/06

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IRON MOUNTAIN INCORPORATED; | ) | |
| et al. | ) | |
| | ) | |
| Plaintiffs and, | ) | |
| Counterclaim Defendants | ) | Civil Action Nos. |
| | ) | 05CV10890 RCL |
| v. | ) | |
| | ) | 05CV10999 RCL |
| THOMAS CARR, | ) | |
| | ) | Magistrate Judge Collings |
| Defendant and | ) | |
| Counterclaim-Plaintiff | ) | |
| | ) | |
| | ) | |

**PROPOSED ORDER**

Having considered and reviewed Defendant and Counter-Plaintiff Thomas Carr's Motion

for Leave to Supplement Defendant and Counter-Plaintiff's Motion to Disqualify Counsel, it is

hereby **ORDERED** this ___ day of _____, 2006**:**

Defendant and Counter-Plaintiff Thomas Carr's Motion is **GRANTED.**


_____
Judge, United States District Court