UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE, <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> THOMAS CARR, <br><br> Defendant and Counterclaim-Plaintiff. | CIVIL ACTION <br> NO. 05 10890 RCL |

### CERTAIN PLAINTIFFS' LIMITED OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON MOTIONS TO DISMISS

Pursuant to Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, certain of the Plaintiffs and Counterclaim-Defendants, namely Iron Mountain Incorporated ("Iron Mountain"), Iron Mountain Information Management, Inc. ("IMIM"), C. Richard Reese ("Reese") and Larry L. Varn ("Varn" and collectively with Iron Mountain, IMIM and Reese, the "Objecting Plaintiffs"), hereby submit these limited objections to the March 13, 2006, Report and Recommendations on Counterclaim-Defendants' Motion to Dismiss Counterclaim-Plaintiff's Fraudulent Misrepresentation Claim and Motion to Dismiss Contract Claims against Plaintiffs Watzke, Reese, Varn, Iron Mountain and Iron Mountain Information Management, Inc. as Prayed for in the Supplemental Filing in Support of Their Motion to Dismiss Second Amended Counterclaims (the "Second Report and Recommendations"). The Second Report and Recommendations did not dismiss certain claims

(the "Remaining Claims") asserted by the Defendant and Counterclaim-Plaintiff, Thomas Carr ("Carr"). As is explained in greater detail below, the Remaining Claims do not state a claim upon which relief can be granted to Carr and, therefore, should be dismissed. Specifically, the Remaining Claims fail to state a claim because (i) Reese and Varn always acted on behalf of a disclosed principal when speaking to Carr, and (ii) the breach of contract claim regarding allegedly promised courier business is barred by the Statute of Frauds. Accordingly, and despite three tries, the Second Amended Counterclaims ("SAC") still fall far short of alleging any legally-cognizable claims and should be dismissed in its entirety.

## Procedural Background

On May 2, 2005, the Plaintiffs[1] filed the Complaint after Carr, a twice-confessed federal felon, claimed, through his counsel, that the Plaintiffs had not fulfilled certain purported promises or agreements with Carr. Plaintiffs seek a declaratory judgment that Plaintiffs have no agreements or other legal obligations to Carr. In response, Carr filed counterclaims alleging that the Plaintiffs failed to honor certain oral promises and made certain fraudulent misrepresentations to Carr.

Carr filed his counterclaims and then promptly filed his first amended counterclaims. After the Plaintiffs moved to dismiss Carr's first amended counterclaims, Carr moved for leave to file the SAC. The Plaintiffs timely opposed Carr's motion for leave. The Court granted Carr's motion for leave to file the SAC and further ordered that the motions to dismiss the first amended counterclaims would be deemed to seek dismissal of the SAC. The Court also invited

---

[1] Plaintiffs and Counterclaim-Defendants Iron Mountain, IMIM, Reese, John F. Kenny, Jr. ("Kenny"), Garry B. Watzke ("Watzke"), Varn and Charles G. Moore ("Moore") shall be referred to collectively as the "Plaintiffs." The Plaintiffs, including Kenny, Watzke, and Moore, hereby reserve their rights to respond to any objections to any report and recommendations filed by Carr.

the Plaintiffs to file any additional or supplemental filings seeking to dismiss the SAC. The Plaintiffs did so.

In response to the Plaintiffs' supplemental filing and the previous filings regarding the legal adequacy of Carr's allegations, Magistrate Judge Collings issued the Report and Recommendation on Counterclaim-Defendant Moore's Motion to Dismiss First Amended Counterclaims and Counterclaim-Defendant Kenny's Motion to Dismiss First Amended Counterclaims[2] (the "First Report and Recommendations") and the Second Report and Recommendations addressing the issues raised in those filings to date. The First Report and Recommendations and Second Report and Recommendations recommend that the Court grant the Plaintiffs' motions to dismiss with the exception of certain limited claims, namely, certain of the breach of contract claims against the Objecting Plaintiffs, *i.e.*, the Remaining Claims.

### Factual Background

Though the parties have well papered the factual background of the parties' communications, there are certain allegations in the SAC specifically relevant to this limited objection that merit reemphasis. Carr alleges in the SAC that, in consideration for information being supplied by Mr. Carr and/or confirmations being provided by Mr. Carr, certain Iron Mountain executives or agents made a host of extravagant, albeit totally undocumented, promises of future conduct to Carr and that these promises were not performed. Carr does not allege, as he cannot, that any of these promises (which appear to involve a value of tens of millions of dollars), allegedly made on behalf of and with authority from Iron Mountain, was ever evidenced by a written agreement or confirmed by even a single piece of correspondence.

---

[2] Magistrate Judge Collings actually analyzed these motions to dismiss in the context of the Second Amended Complaint.

The Objecting Plaintiffs allegedly made the following oral promises, *i.e.*, the alleged oral promises comprising the Remaining Claims:

- Iron Mountain would supply a transportation company owned by Carr's friend, James Neebling ("Neebling"), with $50 million[3] per year for five (5) years in courier business;

- Iron Mountain would provide $5 million for Carr to buy a transportation company in which he owned a 49% share, *i.e.*, Logisteq; and

- Iron Mountain would pay Carr $2 million to allow him to satisfy obligations.

## Legal Analysis

The SAC should be dismissed for failure to state a claim because it appears beyond doubt that Carr can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The allegations in the SAC are woefully insufficient, as a matter of law, to sustain any claim. Though the First Report and Recommendations and Second Report and Recommendations recommend dismissal of the bulk of the SAC, there no reason for either the Court or any of the parties to waste any additional time or resources on Carr's repeated futile attempts to state a claim, and the SAC should be dismissed *in its entirety*.

### A. The Individual Plaintiffs Cannot be Liable Under Carr's Breach of Contract Claim

The Second Report and Recommendations erroneously found that Reese, Iron Mountain's Chairman and CEO, and Varn, Iron Mountain's principal outside counsel is a major piece of litigation, could be personally liable for promises they allegedly made to Carr. Massachusetts

---

[3] The SAC alleged promises of courier business ranging from $25 million to $50 million. Nevertheless, the only temporal term ever alleged relating to the alleged promises of courier business was a five (5) year term.

4

{B0504381; 1}

law, however, is clear - unless otherwise agreed, a person making or purporting to make a contract for a disclosed principal does not become a party to the contract. See Porshin v. Snider, 349 Mass. 653, 655, 212 N.E.2d 216, 217 (1965); Bratcher v. Moriarty, Donoghue & Leja, P.C., 54 Mass. App. Ct. 111, 116, 763 N.E.2d 556, 560-61 (2002); see generally 14 Mass. Prac., Summary of Basic Law § 1.73 ("[i]f the principal is fully disclosed – both existence and identity being revealed – the agent is not a party to the contract and *cannot* be held liable under it") (emphasis added). In the SAC, Carr clearly and explicitly alleges that Reese and Varn were at all times fully disclosed and acting as agents for a principal, Iron Mountain. Moreover, Carr does not (because in good faith he cannot) allege that Reese or Varn promised to be personally and individually liable. Specifically, the SAC provides in pertinent part,

> [i]ndividually as well as *acting as an agent of Iron Mountain and with such authority*, Reese offered $5 million to Carr to use to buy out Pierce's share of Logisteq.

SAC, ¶ 18 (emphasis added).[4]

> [a]t this meeting, Varn, individually, as a partner at the Boston law firm Sullivan and Worcester and *acting as an agent of Iron Mountain and within the scope of his authority*, promised $2 million dollars for Carr to use to pay off certain debts incurred during the preceding year or two.

SAC, ¶ 29 (emphasis added).[5] Once Carr made the allegation that Reese and Varn were disclosed as Iron Mountain agents and acting, respectively, "with such authority" and "within the scope of his authority," Carr was precluded as a matter of settled law from seeking individual, personal liability against either Reese or Varn on these alleged agreements.

---

[4] The Second Report and Recommendations recommends that this is the only purported promise for which Reese could be individually liable.

[5] The Second Report and Recommendations recommends that this is the only purported promise for which Varn could be individually liable.

In <u>Bratcher</u>, the plaintiff filed a motion to amend a complaint to add a claim for breach of contract, alleging that the defendant did not fulfill promises to reimburse the plaintiff for certain expenses incurred by him. The court in <u>Bratcher</u> upheld the trial court's denial of the motion to amend the complaint because, since any promises the defendant made were made as an agent for another, the defendant *could not* be personally liable. <u>Bratcher</u>, 54 Mass. App. Ct. at 116, 763 N.E.2d at 560-61. Specifically, the court in <u>Bratcher</u> held,

> [a]s alleged in Henry's proposed amendment, Leja was acting as an agent for his client, Kathy, and as an agent he could not be held personally liable for the breach of a contract of a disclosed principal.

<u>Id.</u>; <u>see also</u> <u>Doyle v. Hasbro, Inc.</u>, 884 F. Supp. 35, 39 (D. Mass. 1995), <u>aff'd</u>, 103 F.3d 186 (1st Cir. 1996) (granting motion to dismiss breach of contract claim and stating "[t]he individual movants are also shielded from liability on Count 1, even if such a cause of action were stated, because an agent for a disclosed principal, i.e. an employee acting on behalf of an employer, cannot be personally liable on the principal's contract."). Just as in <u>Bratcher</u>, Carr is seeking to impose individual liability on individuals after those individuals were already disclosed as agents for a principal and, as Carr explicitly alleges in the SAC, acting under authority of that principal. The allegations in the SAC make clear that any alleged promises (all of which are denied) by Reese and Varn were made on behalf of a disclosed principal, namely, Iron Mountain, and after that principal was disclosed. In fact, the SAC explicitly alleges that not only were Reese and Varn disclosed as and acting as Iron Mountain agents, but that they were acting, respectively, "with such authority" and "within the scope of his authority." Accordingly, as in <u>Bratcher</u>, Carr's claims against Reese and Varn personally should be dismissed at the pleadings stage.

6

{B0504381; 1}

### B.     Carr's Claim of a Five Year Oral Contract is Unenforceable.

The Statute of Frauds bars Carr's claim of an oral five (5) year contract between Iron Mountain and Systrans. An oral contract that is not to be performed within a year is unenforceable under the Statute of Frauds. See Mass. Gen. Laws ch. 259, § 1. Moreover, even if Carr had performed as alleged, any such agreement cannot be enforced. Meng v. Trustees of Boston Univ., 44 Mass. App. Ct. 650, 653, 693 N.E.2d 183, 186 (1998) (holding that "performance, even if full, does not remove a contract from the operation of G.L. c. 259, § 1, Fifth"). Accordingly, any claims regarding any alleged agreements to provide courier business to Systrans are unenforceable as a matter of law and, hence, futile.

The Second Report and Recommendations inaccurately found that certain promises, namely, those relating to courier business for Systrans, in the SAC, are not explicit as to the temporal term of the purported $45 million agreement. Paragraph 18 of the SAC, however, clearly identifies the (unenforceable) five (5) year term of the purported courier business agreement. Specifically, paragraph 18 of the SAC provides, in pertinent part,

> Also, at this meeting Reese further promised that Iron Mountain would ... provide $25 million in courier business to Systrans, Inc. Finally, Counter-Defendant Kenny advised that courier business revenues of $45 Million would be paid to Systrans, Inc. *each year for a period of five years* in return for the cooperation of Carr and Systrans as described above.

SAC, ¶ 18 (emphasis added). The alleged promises relating to Systrans in paragraphs 16.4, 18 and 22 all relate to this alleged promise of courier business to Systrans. Significantly, none of these alleged promises specifies or refers in any way to any term other than the alleged five (5) year term in paragraph 18. Because all of the alleged promises converge in the same subject matter, *i.e.*, the purported courier business that was allegedly promised to Systrans (through

Carr), Carr's allegation in paragraph 18 of the five (5) year term for that business should cause dismissal of all allegations relating to the purported courier business to Systrans.

## Conclusion

For the foregoing reasons, the Objecting Plaintiffs respectfully object to the Second Report and Recommendations to the extent set forth above and request that this Court enter an order dismissing the Second Amended Counterclaims with prejudice.

## REQUEST FOR ORAL ARGUMENT

The Plaintiffs believe that oral argument may assist the Court and wish to be heard on these issues.

Respectfully submitted,

**IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; and LARRY L. VARN**

By their attorneys,

March 27, 2006

/s/ Samual A. Miller
Ira K. Gross (BBO #212720)
*igross@sandw.com*
Samual A. Miller (BBO #648568)
*smiller@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800

{B0504381; 1}

## Certificate of Service

I hereby certify that this **Certain Plaintiffs' Limited Objections to the Magistrate Judge's Report and Recommendations on Motions to Dismiss** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 27, 2006.

/s/ Samual A. Miller