UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE, | ) ) ) ) ) ) ) ) | |
| Plaintiffs and Counterclaim-Defendants, | ) ) ) | CIVIL ACTION NO. 05 10890 RCL |
| v. | ) ) | |
| THOMAS CARR, | ) ) | |
| Defendant and Counterclaim-Plaintiff. | ) ) ) | |

## AFFIDAVIT OF JOHN F. KENNY, JR.

I, JOHN F. KENNY, JR., first being duly sworn, hereby depose and say:

1. I am an Executive Vice President and the Chief Financial Officer of Iron Mountain Incorporated ("Iron Mountain"). I have been employed by Iron Mountain since 1991. Before that I was vice president with CS First Boston Merchant Bank in New York where I was responsible for risk capital investments. Iron Mountain and Iron Mountain Information Management, Inc. ("IMIM"), together with certain individuals, including me, are the plaintiffs in this action against Thomas Carr ("Carr"), with whom the plaintiffs had certain communications and dealings between the fall of 2001 and the middle of 2004. Except where otherwise indicated, I make this affidavit from facts within my personal knowledge, and I believe all matters set forth herein to be true.

{B0503962; 1}

2. Both Iron Mountain (NYSE:IRM) and IMIM are Delaware corporations with a principal place of business located at 745 Atlantic Avenue, Boston, Massachusetts. IMIM is a wholly-owned subsidiary of Iron Mountain.

3. Iron Mountain is the global leader for outsourced records and information management services and currently has operations in several hundred locations throughout North America, Latin America, South America, Europe and Australia.

4. Sullivan & Worcester LLP ("S&W") has represented Iron Mountain and its predecessor and affiliates since at least the mid-1970's. S&W provides a broad range of legal services to Iron Mountain, including representation of and advice to Iron Mountain in corporate matters, acquisitions, tax matters, executive and employee benefits issues, real estate matters, securities and other regulatory compliance matters, and matters involving claims by and against the company, including litigation matters in numerous jurisdictions.

5. Larry L. Varn ("Varn"), a partner of S&W, has performed a substantial array of litigation, litigation-related, regulatory-related and fire and life safety codes and standards development services for the company for nearly a decade, including serving as lead counsel and lead trial counsel in the litigation and arbitration proceedings that Iron Mountain brought against J. Peter Pierce, Sr. ("Pierce") and that are subject matters of Carr's counterclaims and proposed second amended counterclaims (the "SAC") in this action. As a consequence, Varn has close working relationships with, and has my confidence and also the confidence of the other members of, senior management of Iron Mountain.

6.  I have reviewed the Affidavit of Garry B. Watzke, Esq. ("Watzke"), dated August 18, 2005, in connection with this matter and confirm that Watzke's recollection of the salient events in which I was involved are the same as my own.

7.  I have reviewed Carr's motion seeking to disqualify S&W as chosen counsel to the plaintiffs, who include Iron Mountain, Mr. Reese, Watzke and myself, and the papers which he has filed in support of that motion. I have discussed these matters with Watzke, Iron Mountain's General Counsel, Varn, and Ira K. Gross, Esq., a partner of Varn at S&W. I understand that Varn, who is not acting as and will not act as an advocate on behalf of the plaintiffs in connection with this case, may be called to testify as a witness if the Court denies the plaintiffs' motion to dismiss Carr's various counterclaims. In my opinion, none of Carr's counterclaims has any merit whatsoever. I am not aware of any facts, however, indicating the likelihood of any conflict between Varn's anticipated testimony in this matter and that of Iron Mountain or any of the other plaintiffs, including myself. Further, I am not aware of any evidence or other indication or suggestion that there is any conflict of interest between the plaintiffs and S&W, their chosen counsel, that will materially interfere with S&W's independent professional judgment in its representation of Iron Mountain and the other named plaintiffs, including myself, or any other reason why the plaintiffs' choice of counsel should be disturbed. I waive any alleged conflict between S&W and myself and thus consent to the continued representation by S&W, Iron Mountain's regular counsel for over 25 years, in this matter. Finally, in my opinion it would work a substantial and costly hardship on Iron Mountain and myself if we are required to engage new counsel who are not familiar with Iron Mountain or the history of this matter to represent them in this case.

-4-

Signed under the pains and penalties of perjury this 30th day of March, 2006.

/s/ John F. Kenny, Jr.
JOHN F. KENNY, JR.

COMMONWEALTH OF MASSACHUSETTS   )
                                ) ss.
COUNTY OF SUFFOLK               )

Then personally appeared before me
this 30th day of March, 2006,
John F. Kenny, Jr., whom I know personally,
and executed the foregoing affidavit
under oath as his free act and deed.

/s/ Garry B. Watzke
Notary Public

My commission expires: May 29, 2009

-5-

## Certificate of Service

      I hereby certify that the **Affidavit of John F. Kenny, Jr.** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 31, 2006.

                                                /s/ Samual A. Miller

{B0503962; 1}