UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

IRON MOUNTAIN INCORPORATED;        )
IRON MOUNTAIN INFORMATION          )
MANAGEMENT, INC.; C. RICHARD       )
REESE; JOHN F. KENNY, JR.; GARRY   )
B. WATZKE; LARRY L. VARN; and      )
CHARLES G. MOORE,                  )
                                   )
            Plaintiffs,            )
                                   )
       v.                          )
                                   )
THOMAS CARR,                       )   Civil Action No. 05 10890 RCL
                                   )
            Defendant and          )
            Counter-Plaintiff,     )
                                   )
       v.                          )
                                   )
IRON MOUNTAIN INCORPORATED;        )
IRON MOUNTAIN INFORMATION          )
MANAGEMENT, INC.; C. RICHARD       )
REESE; JOHN F. KENNY, JR.; GARRY   )
B. WATZKE; LARRY L. VARN; and      )
CHARLES G. MOORE,                  )
                                   )
            Counter-Defendants.    )

---

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO CONTINUE SCHEDULING CONFERENCE**

Plaintiffs Iron Mountain Incorporated ("Iron Mountain"), Iron Mountain Information Management, Inc. ("IMIM"), C. Richard Reese ("Reese"), and Larry L. Varn ("Varn and collectively with Iron Mountain, IMIM, and Reese, the "Plaintiffs")[1] hereby submit this

---

[1] On March 31, 2006, the court adopted the Reports and Recommendations of Magistrate Judge Collings granting in part and denying in part the Motions to Dismiss filed in this action (the "Reports and

memorandum of law in support of their motion to continue the scheduling conference set for May 31, 2006 (the "Scheduling Conference") in this action (the "Carr Action"). Until the pleadings in a related action that has been consolidated with this action are closed, it is not practical or efficient for the court or the parties to conduct the required activities or issue the required orders associated with the Scheduling Conference and required by the applicable rules. There is currently pending a motion to dismiss the counterclaims in the action consolidated with the Carr Action, namely Iron Mountain Information Management, Inc. v. Systrans Freight Systems, Inc., Civil Action No. 05-10999-RCL (the "Systrans Action" and together with the Carr Action, the "Consolidated Actions"); thus, the pleadings are not yet closed. Accordingly, Plaintiffs submit that the Court should continue the Scheduling Conference until the motion to dismiss the counterclaims in the Systrans Action is decided and all pleadings are closed in the Consolidated Actions.

## Background and Procedural History

The factual background of the Consolidated Actions is set forth in the Plaintiffs' previously filed motions to dismiss the counterclaims in both actions. Certain portions of the procedural histories of the Consolidated Actions relevant to this motion are summarized below.

### The Carr Action

On May 2, 2005, the Plaintiffs filed a Complaint for Declaratory Judgment and Injunctive Relief, seeking a binding declaratory judgment and order that they have no agreements with or other legal obligations to Carr, a twice-confessed federal felon who foisted himself on Plaintiffs in 2001. Carr counterclaimed, alleging that the Plaintiffs breached a litany of alleged oral

---

Recommendations"). As a result, all counterclaims against plaintiffs John F. Kenny, Jr., Garry B. Watzke, and Charles G. Moore have been dismissed.

promises and made various misrepresentations. After Carr amended his counterclaims as of right under Fed. R. Civ. P. 15 and the Plaintiffs moved to dismiss them for, among other reasons, failure to state any legally cognizable claim, Carr sought leave to amend his counterclaims a second time. Plaintiffs opposed that motion to amend on the grounds of futility.

The Court granted Carr's motion for leave to file the SAC. Ultimately, Magistrate Judge Collings issued the Reports and Recommendations addressing the issues raised in those filings. The Reports and Recommendations recommended that the court grant the Plaintiffs' motions to dismiss with the exception of certain limited breach of contract claims. The Court adopted Magistrate Judge Collings's Reports and Recommendations.

### The Systrans Action

On May 13, 2005, IMIM, the only plaintiff in the Systrans Action, filed a Complaint, subsequently amended, asserting that, among other things, although IMIM had made full and timely payments to Systrans pursuant to a written contract, Systrans failed to pay certain vendor invoices, as required by that contract. Systrans answered the Complaint and counterclaimed against IMIM, alleging that IMIM had breached an oral contract and made various misrepresentations. On July 14, 2005, IMIM moved to dismiss Systrans' counterclaims (the "IMIM Motion to Dismiss"). IMIM argues that even if the alleged oral agreement existed (which it does not), it is unenforceable because the alleged oral agreement (i) has been superseded by a written instrument, and (ii) is barred by the Statute of Frauds. IMIM further contends that Systrans' misrepresentation claim is not viable because the representations purportedly made by IMIM are so vague that any reliance would not be justifiable. The IMIM Motion to Dismiss has been referred to Magistrate Judge Collings and is still pending.

**Carr's and Systrans's Motion to Consolidate**

On July 11, 2005, Carr and Systrans moved to consolidate (the "Consolidation Motion") the Carr Action and the Systrans Action. In the memorandum of law supporting the Consolidation Motion, Carr and Systrans vehemently argued that the Carr Action and Systrans Action are "inextricably intertwined" and that "[e]very factual issue to be explored in the Systrans [Action] will also be central to resolution of the contractual dispute in [the Carr Action]." See Consolidation Motion, p. 2. Carr and Systrans further argued that the Consolidated Actions "regard identical subject matters and involve all of the very same witness[es]." Id. On January 23, 2006, Judge Wolf, to whom the Systrans action was originally assigned, granted the Consolidation Motion.

## Argument

**The Scheduling Conference Should be Continued.**

Given the status of the Consolidated Cases, namely the still pending IMIM Motion to Dismiss, the Court should continue the Scheduling Conference until the IMIM Motion to Dismiss has been decided and the pleadings in the Consolidated Actions are closed. Until the pleadings are closed, it is not practical or efficient for (i) the Court to meet with the parties or issue a scheduling order, or (ii) the parties to conduct the required pre-scheduling conference activities (*e.g.*, drafting a joint discovery plan) or engage in meaningful settlement discussions. Carr and Systrans, who sought consolidation, should not be heard to complain. Accordingly, the Scheduling Conference should be continued until the IMIM Motion to Dismiss in the Systrans Action has been decided and the pleadings are closed.

     1.     <u>It is Not Practical or Efficient for the Court to Conduct the Scheduling Conference at This Time.</u>

The Court should not conduct the Scheduling Conference, and may not be able to issue a proper scheduling order, until the pleadings are closed. The applicable federal and local rules outline several issues for the Court and the parties to consider at a scheduling conference including, but not limited to, the amount of time needed to prepare for trial, identification of witnesses and documents, control and scheduling of discovery (including orders affecting initial disclosures), and settlement. <u>See</u> Fed. R. Civ. P. 16(c); LR. 16.1 (E). Those rules also outline several issues that the Court is to address in its scheduling order including, but not limited to, deadlines to complete discovery, settlement conferences, and identification and disclosure of information regarding experts. <u>See</u> Fed. R. Civ. P. 16(c); LR. 16.1(F). Until the pleadings are closed in both of the Consolidated Actions and the Court knows what parties, claims and issues remain, it is not practical or efficient (and may not be possible) for the Court and parties to consider the required pre-trial issues, or for the Court to issue the related orders. Once the IMIM Motion to Dismiss has been decided and the pleadings are closed, these issues can be easily addressed. Accordingly, Plaintiffs believe the Court should follow a practical approach and continue the Scheduling Conference until that time.

     2.     <u>It is Not Practical or Efficient for the Parties to Conduct Their Respective Pre-Scheduling Conference Activities at This Time.</u>

The parties should not be required to conduct their respective pre-scheduling conference activities until the pleadings are closed. Just as the applicable rules outline certain requirements for the Court in conducting scheduling conference and issuing scheduling orders, so too do the rules impose certain related obligations on the parties. Among other things, the applicable rules require the parties to confer to consider the nature and basis of their respective claims and defenses, develop a plan for discovery, and to consider the possibilities for a prompt settlement

or resolution of the action. See Fed. R. Civ. P. 26(f); LR. 16.1(B). The applicable rules also require that the parties file a written report with the Court outlining a proposed discovery plan, as well as a certificate signed by counsel regarding a budget for the action and the possible use of alternative dispute resolution programs. See Fed. R. Civ. P. 26(f); LR. 16.1(D). Until the pleadings are closed in both of the Consolidated Actions and the parties know what parties, claims, and issues remain in the actions, it is not practical or efficient for the parties to confer regarding the contours of discovery or to develop a discovery plan. Further, it is nearly impossible for the parties to exchange meaningful settlement proposals, as required by LR. 16.1(C), until the pleadings are closed. Moreover, establishing a budget, while possible in the abstract, is extremely difficult to do with any precision at this time. Accordingly, until the parties, claims, and issues are crystallized, the Scheduling Conference is not practical or efficient and should be continued.

3.   The Consolidated Actions Should Not Have Separate Tracks.

The Consolidated Actions should maintain the same track for discovery and trial. Carr and Systrans persuasively argued that the Consolidated Actions are "inextricably intertwined", "regard identical subject matters" and involve the "same witness[es]." Actions with the features described by Carr and Systrans should not have separate pre-trial tracks; efficiency demands the same pre-trial schedule and order for such actions. Nevertheless, as described above, it is not practical or efficient to confer regarding a pretrial schedule and order until the pleadings are closed and the Court and parties know precisely what parties, claims and issues remain in the Consolidated Actions.

Carr and Systrans should not be heard to complain about any refusal by the Court to hold separate scheduling conferences or to issue separate scheduling orders for the Consolidated Actions. Carr and Systrans argued for consolidation and should not now argue for the cases to

be separated. Accordingly, to maintain the consolidated nature of these actions, and to proceed in an efficient manner, the Scheduling Conference should be continued until the IMIM Motion to Dismiss has been decided and the pleadings are closed.

## Conclusion

Given the status of the Consolidated Actions – the (still pending) IMIM Motion to Dismiss and the lack of closed pleadings – the Scheduling Conference should be continued.

                                **IRON MOUNTAIN INCORPORATED, IRON MOUNTAIN INFORMATION MANAGEMENT, INC., C. RICHARD REESE, and LARRY L. VARN**

                                By their attorneys,

April 20, 2006                      /s/ Ira K. Gross
                                   Ira K. Gross (BBO #212720)
                                   *igross@sandw.com*
                                   Samual A. Miller (BBO #648568)
                                   *smiller@sandw.com*
                                   SULLIVAN & WORCESTER LLP
                                   One Post Office Square
                                   Boston, Massachusetts 02109
                                   (617) 338-2800

## Certificate of Service

I further certify that this **Memorandum of Law in Support of Motion to Continue Scheduling Conference** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 20, 2006.

/s/ Samual A. Miller