UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; et al. <br><br> Plaintiffs and, Counterclaim Defendants <br> v. <br><br> THOMAS CARR, <br><br> Defendant and Counter-Plaintiff | Civil Action No. 05 10890 RCL |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF THOMAS CARR'S
OPPOSITION TO MOTION TO CONTINUE SCHEDULING CONFERENCE**

Defendant and Counter-Plaintiff Thomas Carr ("Carr"), by and through undersigned counsel, hereby submits this opposition to Plaintiffs Iron Mountain Incorporated's ("Iron Mountain"), Iron Mountain Information Management, Inc.'s ("IMIM"), C. Richard Reese's ("Reese"), and Larry Varn's ("Varn") Motion to Continue the Scheduling Conference.

**Preliminary Statement**

In what is little more than a transparent attempt to cause needless delay, Plaintiffs have moved this Court to continue the scheduling conference set in its order dated April 3, 2006 pending the outcome of the Court's consideration of a motion to dismiss in the related action styled *Iron Mountain Information Management, Inc. .v Systrans Freight Systems, Inc.*, Civil Action 05-10999-RCL (the "Systrans action"), which has been consolidated with this case. Although the considerable overlap between the parties and issues in the cases warranted consolidation, these cases remain separate and distinct and

1

4800320v1

the pending motion in the Systrans action will in no way affect the scope and issues in the present case. Plaintiffs have failed to provide any compelling reason or justification why this case should be effectively stayed to await the outcome of a motion that has no bearing on the substance and timing of these proceedings. Accordingly, Plaintiffs' motion to continue the scheduling conference should be denied.

## Argument

### I. The Present Case is Ripe to Move Forward

Local Rule 16.1 provides in relevant part:

> [A] designated magistrate judge shall convene a scheduling conference as soon as practicable, but in any event within ninety (90) days after the appearance of a defendant and within one hundred twenty (120) days after the complaint has been served on a defendant.

It has now been over a year since this action was initiated and, while pending motions and Carr's amending of his counterclaims have counseled against proceeding with the scheduling conference, the pleadings are now closed and all pending motions on them have been decided. Accordingly, the case is ripe to move forward and Plaintiffs have offered no persuasive reason or justification for further delay.

### II. The Scheduling Conference Should Go Forward as Set by this Court

Aside from conclusory allegations that the scheduling conference would be impractical and inefficient, Plaintiffs have offered no compelling justification for delaying the scheduling conference in this case. Again, the pleadings in this action are closed and while there remains a pending motion to dismiss the counterclaims in the Systrans action, the outcome of that motion will in no way bear on the claims in this case that the Court has deemed allowable. In fact, contrary to Plaintiffs assertions, the parties, claims and issues in this action have been defined irrespective of any ambiguity that may

remain in the Systrans action. Accordingly, it is actually more inefficient and impractical to delay the scheduling conference in this case pending a motion in a related case that will have no effect on the timing or scope of these proceedings. Thus, the scheduling conference should proceed on the date set by this Court.

### III.  The Parties Should Proceed with Their Respective Pre-Scheduling Conference Activities

Again, absent general, conclusory claims of inefficiency, Plaintiffs have provided no persuasive reason why the pre-scheduling conference activities of the parties should be suspended. The scope of this litigation has been defined by the Court and will not be affected by the outcome of the Court's consideration of the motion to dismiss in the Systrans action. Although the issues and parties in the two actions are invariably intertwined, that fact does not diminish the reality that the two cases remain related but distinctly separate. Developing a plan for discovery in this case should therefore proceed. Likewise, the fact that there is considerable overlap between the issues and the parties of the two cases in no way requires that the outcome of one dictates the outcome of the other. Accordingly, there is no reason why the parties could not engage in meaningful settlement discusses in this case apart from the Systrans action. Thus, the parties should be required to fulfill their respective pre-settlement conference obligations set forth in this Court's order.

4800320v1

## Conclusion

For the foregoing reasons, Defendant and Counter-Plaintiff Thomas Carr respectfully requests that this Court deny Plaintiffs' Motion to Continue the Scheduling Conference.

Dated May 3, 2006

                                        Respectfully submitted,

                                        _____/s/_____
                                        Read K. McCaffrey (pro hac vice)
                                        rmccaffrey@pattonboggs.com
                                        Patton Boggs LLP
                                        2550 M Street, NW
                                        Washington, DC  20037
                                        Telephone: (202) 457-6000

                                        Counsel for Defendant and
                                        Counterclaim Plaintiff

4800320v1