UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IRON MOUNTAIN INCORPORATED;
    et al.

        Plaintiffs and,
        Counter-Defendants                    Civil Action No.  05 10890 RCL

        v.

THOMAS CARR,

        Defendant and
        Counter-Plaintiff

## JOINT STATEMENT AND PROPOSED DISCOVERY PLANS

Plaintiffs John F. Kenny ("Kenny"), Garry B. Watzke ("Watzke"), Charles G. Moore ("Moore"), Plaintiffs and Counterclaim Defendants Iron Mountain Incorporated ("Iron Mountain"), Iron Mountain Information Management, Inc. ("IMIM"), C. Richard Reese ("Reese"), and Larry L. Varn ("Varn"), and Defendant and Counterclaim Plaintiff Thomas Carr ("Carr"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 16, Fed. R. Civ. P. 26(f), Local Rule 16.1, and this Court's April 3, 2006 Notice of Scheduling Conference and Additional Matters, hereby submit this joint statement and proposed discovery plans.

I.      **Summaries of the Parties' Positions**

        A.      **Plaintiffs and Counterclaim Defendants' Positions**

The Plaintiffs filed this action for a declaratory judgment and injunctive relief.  Simply put, it is the Plaintiffs' position that the claims by Carr, a twice-confessed federal felon, that certain of the Plaintiffs made promises to or entered into one or more agreements with him and that those promises or agreements have not been fulfilled are flat-out false and that there is not a

1

whit of credible evidence to support or corroborate Carr's after-the-fact contentions. Plaintiffs therefore deny the existence of any unperformed promises to, or agreements with, Carr and therefore the Plaintiffs are entitled to a binding declaratory judgment and order that they have no agreements with or other legal obligations to Carr and to a preliminary and permanent injunction against Carr and anyone acting in concert with him from instituting or prosecuting any actions or otherwise continuing to pursue such false claims.

### B.    Defendant and Counterclaim Plaintiff's Positions

Counterclaim Defendants Reese, Varn, Iron Mountain and IMIM (the Counterclaim Defendants") specifically requested and sought Carr's assistance in Iron Mountain and IMIM's efforts against a former officer and director of Iron Mountain, J. Peter Pierce, who had at that time entered into an agreement with Carr to form a transportation company known as Logisteq, LLC. Specifically, the Counterclaim Defendants wanted Carr to assist in the efforts to pursue legal action against Pierce for Pierce's alleged violations of a non-compete agreement he had signed with Iron Mountain. Concurrently, the Counterclaim Defendants also sought to induce Carr to file a separate lawsuit against Pierce concerning Logisteq, LLC to coincide with the action that Iron Mountain was planning to file against Pierce. In exchange for Carr's agreement to participate in these efforts, Iron Mountain, IMIM and the other Counterclaim Defendants, who were acting individually as well as on behalf of Iron Mountain and IMIM, made numerous promises to Carr including the following:

a) the funding of Carr's lawsuit against Pierce of which only $50,000 of the accumulated fees and disbursements of nearly $200,000 have been paid by Iron Mountain to Carr's attorney, Arthur Peslak;

b) the provision of $5 million to allow Carr to, among other things, purchase Pierce's share of Logisteq, LLC;

c) hiring Carr as a transportation consultant at wages equal to, or in excess of, those paid by Logisteq, LLC, plus full benefits;

d) to ensure that a transportation company owned by James Neebling, which had been capitalized as a start up by Carr, would receive nearly $50 million per year in courier business;

e) the payment of $2 million directly to Carr as an interim measure to allow him to satisfy certain obligations in the wake of Pierces' wasting of Logisteq;

f) the provision of assurances to Carr's creditor, Paul Schwarz, that Iron Mountain would provide sufficient funds and revenue to Carr to demonstrate to Mr. Schwarz that Carr was a good candidate to whom a loan of money could be made; and

g) the provision of assurances that in the event that any negative financial effects befell Carr, his family or his businesses as a result of his cooperation with the Counterclaim Defendants' disputes with Pierce that the Counterclaim Defendants would, in essence, indemnify Carr, his family and his business against any such negative effects.

Each of these promises, which constitute binding contractual obligations supported by adequate consideration, were made and reiterated by the Counterclaim Defendants to Carr and others on several different occasions. However, despite Carr's performance of all of his obligations under the oral agreements, the Counterclaim Defendants have failed to fulfill the promises and are therefore each in breach of their respective contractual obligations. In response to the Plaintiffs/Counter-Defendants abject denials and rejection of the existence of any

supporting evidence, in addition to Mr. Carr, many of the promises involved and/or were witnessed by Mr. James Neebling, Mr. Carr's friend and Mr. Arthur Pezlak, Mr. Carr's attorney.

## II. Discovery Plan

### A. Areas of Agreement

#### 1. Rule 26(a) Initial Disclosures

The parties have concluded their conference pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B) on or before May 17, 2006. Accordingly, pursuant to Local Rule 26.2(A), the parties agree to serve initial disclosures, as required by Fed. R. Civ. P. 26(a), on or before May 31, 2006.

#### 2. Confidentiality

The parties shall file with the Court a proposed stipulated confidentiality and protective order for the Court's consideration and endorsement. If the parties cannot agree on a proposed stipulated confidentiality and protective order, each party shall separately file a proposed stipulated confidentiality and protective order for the Court's consideration and endorsement.

### B. Plaintiffs' Proposal Regarding Discovery

#### 1. Amendments

All amendments to the pleadings by written consent and the filing and serving of all motions for leave to amend any pleadings pursuant to Fed. R. Civ. P. 15(a) shall be filed and all parties shall be joined no later than July 28, 2006.

#### 2. Discovery Schedule

The aforementioned proposed confidentiality and protective order shall be filed, either jointly or separately as described, on or before June 23, 2006

Fact discovery shall be completed no later than Friday, January 26, 2007.

First Requests for Production of Documents and Tangible Things and First Sets of Interrogatories shall be served no later than Friday, June 23, 2006.

All non-privileged documents and tangible things responsive to the First Requests for Production of Documents shall be served no later than Friday, August 4, 2006.

The parties shall commence depositions pursuant to a schedule agreeable to the parties, **only after** the parties have received responses (including all responsive documents and tangible things) to the First Requests for Production of Documents and First Sets of Interrogatories.

Plaintiffs' expert designations and expert reports (if any) shall be served by Friday, March 16, 2007.

Defendant's expert designations and expert reports (if any) shall be served by Friday, April 6, 2007.

Plaintiff's rebuttal expert designations and expert reports (if any) shall be served by Friday, April 27, 2007.

Defendant's rebuttals, if any, to plaintiffs' rebuttal expert designations and reports shall be served by Friday, May 11, 2007.

### 3. Dispositive Motions

Dispositive motions, including motions for summary judgment, shall be served no later than Friday, May 18, 2007.

### 4. Magistrate Judge

The Plaintiffs are not prepared at this point to assent to trial by magistrate judge, but would be willing to revisit the issue as the date for trial approaches.

### 5. LR. 16.1(D)(3) Certification

The Plaintiffs' Certification pursuant to LR. 16.1(D)(3) shall be filed separately.

### A. Carr's Proposal

#### 1. Scope and Timing of Discovery

The aforementioned proposed confidentiality and protective order shall be filed, either jointly or separately as described, on or before June 9, 2006.

The parties agree to conduct discovery within the scope set forth in Federal Rule of Civil Procedure Rule 26(b) and the Local Rules. Accordingly, the Parties propose the following discovery schedule for completion of discovery:

| Proposed Deadline | Event |
| --- | --- |
| May 31, 2006 | Deadline for Rule 26(a)(1) Disclosures |
| May 31, 2006 | Factual Discovery Period Commencement date |
| October 31, 2006 | Factual Discovery Completion date |
| November 13, 2006 | Expert Discovery Commencement date |
| January 15, 2007 | Expert Discovery Completion date |

#### 2. Proposed Schedule for the Filing of Motions

Carr proposes that dispositive motions be due, 30 days after the close of discovery or on or before February 15, 2007

#### 3. Certification

The undersigned Parties and their respective counsel hereby certify that they have conferred:

a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Dated: May 24, 2006

                    Respectfully submitted,

                    */s/ Samuel A. Miller*
                    Ira Gross, Esq.
                    *igross@sandw.com*
                    Samuel Miller, Esq.
                    *smiller@sandw.com*
                    Sullivan & Worcester LLP
                    One Post Office Square
                    Boston, MA 02109
                    Telephone: (617) 338.2800

                    Counsel for Plaintiffs and
                    Counterclaim Defendants

and

                    */s/ Read K. McCaffrey*
                    Read K. McCaffrey (pro hac vice)
                    rmccaffrey@pattonboggs.com
                    Patton Boggs LLP
                    2550 M Street, NW
                    Washington, DC 20037
                    Telephone: (202) 457-6000

                    Counsel for Defendant and
                    Counterclaim Plaintiff