**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED;<br>IRON MOUNTAIN INFORMATION<br>MANAGEMENT, INC.; C. RICHARD<br>REESE; JOHN F. KENNY, JR.;<br>GARRY B. WATZKE; LARRY L. VARN;<br>and CHARLES G. MOORE,<br><br>    Plaintiffs and<br>    Counterclaim-Defendants,<br><br>v.<br><br>THOMAS CARR,<br><br>    Defendant and<br>    Counterclaim-Plaintiff. | CIVIL ACTION<br>NO. 05 10890 RCL |
| IRON MOUNTAIN INFORMATION<br>MANAGEMENT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SYSTRANS FREIGHT SYSTEMS, INC.,<br><br>    Defendant. | CIVIL ACTION<br>NO. 05 10999 RCL |

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST SYSTRANS FREIGHT SYSTEMS, INC.**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Iron Mountain Information Management, Inc. ("IMIM") submits this statement of undisputed material facts in support of its motion for summary judgment against defendant Systrans Freight Systems, Inc. ("Systrans"). IMIM submits herewith and incorporates by reference herein the Declaration of Garry B. Watzke

("Watzke Decl.."), with exhibits, and the Declaration of Kevin M. Colmey, Esq., ("Colmey Decl."), with exhibits. The undisputed material facts are as follows:

### The Contract

1. On or about May 1, 2003, IMIM entered into a written contract with defendant Systrans Freight Systems, Inc. ("Systrans"). Watzke Decl. ¶ 3 and Exhibit A.

2. In the Contract, the parties agreed, among other things, that Systrans would furnish and provide courier and related services on behalf of IMIM. Watzke Decl. ¶ 4.

3. The Contract further required that Systrans pay vendor invoices from the courier companies that Systrans used for the performance of the Contract. Watzke Decl. ¶ 5.

### The Cash Advances

4. In conjunction with and upon execution of the Contract, IMIM advanced to Systrans an initial amount of $105,000 (the "Initial Advance"), which Systrans agreed to repay. Watzke Decl. ¶ 7; see also Colmey Decl., Exhibit B at pp. 143-44.

5. By a written agreement dated January 30, 2004 (the "January 2004 Agreement"), IMIM agreed to advance an additional $50,000 to Systrans (the "First Additional Advance"), which Systrans agreed to repay. Watzke Decl. ¶ 8; see also Colmey Decl., Exhibit B at pp. 143-44.

6. By a written agreement dated January 19, 2005 (the "January 2005 Agreement"), IMIM agreed to advance an additional $40,500 to Systrans (the "Second Additional Advance"), which Systrans agreed to repay. Watzke Decl. ¶ 9; see also Colmey Decl., Exhibit B at pp. 143-44.

7. Neebling, the President of Systrans, has acknowledged the advances provided by IMIM to Systrans. Colmey Decl., Exhibit B at pp. 143-44.

8. During the term of the Contract, Systrans overcharged IMIM. Watzke Decl. ¶ 10. In the January 2005 Agreement, IMIM and Systrans agreed that the aggregate amount of the overcharges was in excess of $78,500 (the "Overcharges"). Watzke Decl. ¶ 10.

9. Of the Initial Advance ($105,000), First Additional Advance ($50,000), Second Additional Advance ($40,500), and the agreed Overcharges (more than $78,500), Systrans has repaid or offset only approximately $108,000. Watzke Decl. ¶ 11.

**IMIM Brings This Action Against Systrans And Systrans Admits That It Owes $150,000 to IMIM**

10. On May 20, 2005, IMIM filed this action against Systrans. Colmey Decl., Exhibit A.

11. On June 17, 2005, Systrans filed an answer ("Answer") to the Complaint, and attempted to assert two counterclaims (the "Counterclaims") against IMIM for breach of contract and negligent misrepresentation. Colmey Decl., Exhibit C.

12. In the Answer, Systrans admitted that it owed $150,000 to IMIM. Colmey Decl., Exhibit C at ¶ 18.

13. In its Response to IMIM's First Set of Interrogatories, Systrans admitted that it owed $150,000 to IMIM. Colmey Decl., Exhibit E at Interrog. No. 9.

14. On June 28, 2006, this Court dismissed both of Systrans's Counterclaims against IMIM. Colmey Decl., Exhibit D.

Dated:  June 21, 2007

Respectfully submitted,

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.**,

By its attorneys,

/s/ Ira K. Gross
Ira K. Gross (BBO #212720)
*igross@sandw.com*
Kevin M. Colmey (Admitted *Pro Hac Vice*)
*kcolmey@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts  02109
(617) 338-2800

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 21, 2007.

/s/ Kevin M. Colmey

- 4 -