UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
IRON MOUNTAIN INCORPORATED;         )
IRON MOUNTAIN INFORMATION           )
MANAGEMENT, INC.; C. RICHARD        )
REESE; JOHN F. KENNY, JR.;          )
GARRY B. WATZKE; LARRY L. VARN;     )
and CHARLES G. MOORE,               )
                                    )
        Plaintiffs and              )     CIVIL ACTION
        Counterclaim-Defendants,    )     NO. 05 10890 RCL
                                    )
    v.                              )
                                    )
THOMAS CARR,                        )
                                    )
        Defendant and               )
        Counterclaim-Plaintiff.     )
_____ )
                                    )
IRON MOUNTAIN INFORMATION           )
MANAGEMENT, INC.,                   )
                                    )
        Plaintiff,                  )     CIVIL ACTION
                                    )     NO. 05 10999 RCL
    v.                              )
                                    )
SYSTRANS FREIGHT SYSTEMS, INC.,     )
                                    )
        Defendant.                  )
_____ )

**PLAINTIFF IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
<u>SUMMARY JUDGMENT AGAINST SYSTRANS FREIGHT SYSTEMS, INC.</u>**

## Table of Contents

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
|  | A. The Parties | 1 |
|  | B. The Contract | 2 |
|  | C. IMIM Advances Cash To Systrans | 2 |
|  | D. IMIM Files This Action And Systrans Admits That It Owes $150,000 to IMIM | 3 |
| III. | ARGUMENT | 4 |
|  | A. Standard | 4 |
|  | B. IMIM Is Entitled To Summary Judgment On Its Claim For Breach Of Contract Because Systrans Has Admitted That It Owes $150,000 To IMIM | 5 |
| IV. | CONCLUSION | 6 |

## TABLE OF AUTHORITIES

### FEDERAL CASES

DeNovellis v. Shalala, 124 F.3d 298 (1st Cir. 1997)......................................................4, 5

GE Capital Healthcare Finance Services v. Fall River Walk-In Emergency
  Medical Office, P.C., 2004 U.S. Dist. LEXIS 75 (D. Mass. Jan. 7, 2004)....................5

Smith v. Stratus Computer, Inc., 40 F.3d 11 (1st Cir. 1994) ................................................4

Vega v. Kodak Caribbean, Ltd., 3 F.3d 476 (1st Cir. 1993)................................................4

### STATE CASES

Harrison Riverside Ltd. Partnership v. Eagle Affiliates, Inc.,
  707 A.2d 490 (N.J. App. Div. 1998)..............................................................................5

Pursuant to Fed. R. Civ. P. 56, Plaintiff Iron Mountain Information Management, Inc. ("IMIM") submits this memorandum of law in support of its motion for summary judgment against Defendant Systrans Freight Systems, Inc. ("Systrans"). IMIM respectfully requests that the Court enter summary judgment in favor of IMIM and award IMIM the amount of $150,000, plus accrued interest.

## I.    INTRODUCTION

This is a quintessential case for summary judgment. In May 2003, IMIM and Systrans entered into a written contract under which IMIM made a series of cash advances to Systrans totaling almost $200,000. Although Systrans agreed to repay these advances, it has only repaid a portion of them and still owes at least $150,000 to IMIM. Systrans has admitted in this case that it owes this amount to IMIM.

The admissions by Systrans belie any material factual disputes on this motion. Although Systrans previously attempted to avoid its clear and admitted liability to IMIM by asserting a series of baseless counterclaims against IMIM, those counterclaims were dismissed by this Court last year. The time for Systrans to pay its debt to IMIM is long overdue. IMIM's motion for summary judgment should, therefore, be granted.

## II.    STATEMENT OF FACTS

### A.    The Parties

IMIM is a wholly-owned subsidiary of Iron Mountain, which is headquartered in Boston, Massachusetts, and is the world's leader for outsourced records and information management services. See First Amended Complaint (the "Complaint" or "Cmplt.")[1] ¶ 2; see also Declaration of Garry B. Watzke ("Watzke Declaration or Watzke Decl.") ¶ 2. Systrans is a logistics provider

---

[1] The Complaint is attached to the Declaration of Kevin M. Colmey, Esq. ("Colmey Declaration" or "Colmey Decl."), submitted herewith, as Exhibit A.

based in Bay Head, New Jersey. <u>See</u> Cmplt. ¶ 3. James Neebling ("<u>Neebling</u>") is the president of Systrans. <u>See</u> Deposition of James Neebling ("<u>Neebling Deposition</u>" or "<u>Neebling Depo.</u>")[2] p. 12.

### B.     The Contract

IMIM and Systrans executed a written contract dated May 1, 2003 (the "<u>Contract</u>").[3] In the Contract, the parties agreed, among other things, that Systrans would furnish and provide courier and related services on behalf of IMIM. <u>See</u> Contract § II.A.1; Watzke Decl. ¶ 4. The contract further required that Systrans pay vendor invoices from the courier companies that Systrans used for the performance of the Contract. <u>See</u> Contract § II.A.2; Watzke Decl. ¶ 5. The Contract further provides that no amendment shall be effective unless it is reduced to writing and executed by both parties. <u>See</u> Contract § III.G.

### C.     IMIM Advances Cash To Systrans

In conjunction with and upon execution of the Contract, IMIM advanced to Systrans an initial amount of $105,000 (the "<u>Initial Advance</u>"), which Systrans agreed to repay. <u>See</u> Contract § II.A.5; Watzke Decl. ¶ 7; Neebling Depo p. 143. By a written agreement dated January 30, 2004 (the "<u>January 2004 Agreement</u>"), IMIM agreed to advance an additional $50,000 to Systrans (the "<u>First Additional Advance</u>"), which Systrans also agreed to repay. Watzke Decl. Exhibit B; Neebling Depo p. 143. By a written agreement dated January 19, 2005 (the "<u>January 2005 Agreement</u>"), IMIM agreed to advance an additional $40,500 to Systrans (the "<u>Second Additional Advance</u>"), which Systrans also agreed to repay. Watzke Decl. Exhibit C; Neebling Depo pp. 143-44.

---

[2] Relevant pages from the Neebling Deposition are attached to the Colmey Declaration as Exhibit B.

[3] A true and correct copy of the Contract is attached to the Watzke Declaration as Exhibit A.

Additionally, during the term of the Contract, Systrans overcharged IMIM. Watzke Decl. ¶ 10. In the January 2005 Agreement, IMIM and Systrans agreed that the aggregate amount of the overcharges was in excess of $78,500 (the "Overcharges"). Watzke Decl. ¶ 10.

Of the Initial Advance ($105,000), First Additional Advance ($50,000), Second Additional Advance ($40,500), and the Overcharges (more than $78,500), Systrans has repaid or offset only approximately $108,000. Watzke Decl. ¶ 11. As a result, at least $166,000 remains due and owing from Systrans to IMIM on those advances and overcharges. Watzke Decl. ¶ 12.

### D. IMIM Files This Action And Systrans Admits That It Owes $150,000 to IMIM

On May 20, 2005, IMIM filed this action against Systrans and sought, *inter alia*, money damages relating to Systrans's failure to pay IMIM amounts due and owing under the Contract. Specifically, in Count II of the Complaint, IMIM alleged that Systrans breached the Contract, as amended, by failing to repay the Initial Advance, the First Additional Advance, the Second Additional Advance, and the agreed-upon Overcharges. See Cmplt. ¶¶ 13-18 and 31-36.

On June 17, 2005, Systrans filed an answer ("Answer") to the Complaint, and attempted to assert two counterclaims (the "Counterclaims")[4] against IMIM for breach of contract and negligent misrepresentation. On June 28, 2006, this Court dismissed[5] both of Systrans's Counterclaims against IMIM.[6]

---

[4] A true and correct copy of Answer/Counterclaims is attached to the Colmey Declaration as Exhibit C.

[5] A true and correct copy of the docket sheet, reflecting that on June 28, 2006, the Court entered an electronic Order dismissing Systrans's counterclaims, is attached to the Colmey Declaration as Exhibit D.

[6] On July 14, 2005, IMIM filed a motion to dismiss the Counterclaims, and IMIM's motion was subsequently referred to Magistrate Judge Robert B. Collings. On May 25, 2006, Magistrate Judge Collings entered a report and recommended that denied IMIM's motion to dismiss the breach of contract counterclaim, but granted IMIM's motion as to the negligent misrepresentation counterclaim. On June 8, 2006, IMIM filed its limited objections to Magistrate Judge Collings's recommendation. On June 28, 2006, this Court entered an Order adopting Magistrate Collings's recommendation to dismiss the negligent misrepresentation counterclaim, and also dismissed the breach of contract counterclaim. See Colmey Decl. Exhibit D.

In the Answer, Systrans *admitted* that it owed $150,000 to IMIM. See Answer ¶ 18 (Systrans "admits that a balance of approximately $150,000 is owed"). Systrans made this same admission in its Response to IMIM's First Set of Interrogatories ("Systrans Interrogatory Responses" or "Systrans Interrog. Resp.").[7] See Systrans Interrog. Resp. No. 9 ("Systrans owes [IMIM] approximately $150,000 calculated from various payments that [IMIM] made to Systrans in an amount greater than the value of services Systrans provided…"). Neebling has likewise acknowledged the advances provided to Systrans. See Neebling Depo p. 143-44.

### III.   ARGUMENT

#### A.   Standard

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." DeNovellis v. Shalala, 124 F.3d 298, 305-06 (1st Cir. 1997) (citation omitted). As the moving party, IMIM bears the initial burden of showing that there are no material facts genuinely in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). Having done so, Systrans must "set forth specific facts showing that there is a genuine issue of material fact as to each issue upon which he would bear the ultimate burden of proof at trial." Id. at 306 (citations omitted); see also Vega v. Kodak Caribbean, Ltd., 3 F.3d 476, 479 (1st Cir. 1993) (factual disputes "must herald the existence of 'definite, competent evidence … [o]ptimistic conjecture, unbridled speculation, or hopeful surmise will not suffice").

Systrans may not avoid summary judgment by resting on "conclusory allegations, improbable inferences, and unsupported speculation." Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994) (internal quotation marks omitted). Indeed, if Systrans's evidence is

---

[7] Systrans' Response to IMIM's First Set of Interrogatories is attached to the Colmey Declaration as Exhibit E.

merely "colorable" or is not "significantly probative," summary judgment is appropriate. DeNovellis, 124 F.3d at 306 (citations and quotations omitted).

### B. IMIM Is Entitled To Summary Judgment On Its Claim For Breach Of Contract Because Systrans Has Admitted That It Owes $150,000 To IMIM

The case for summary judgment on IMIM's claim for breach of contract is simple and straightforward. Where, as here, there are no material facts in dispute on a claim for breach of contract, summary judgment for the plaintiff is appropriate. See GE Capital Healthcare Fin. Servs. v. Fall River Walk-In Emergency Med. Office, P.C., 2004 U.S. Dist. LEXIS 75, at *8-9 (D. Mass. Jan. 7, 2004); Harrison Riverside Ltd. Partnership v. Eagle Affiliates, Inc., 707 A.2d 490, 492 (N.J. App. Div. 1998).

Pursuant to the Contract (as amended), IMIM agreed to advance the Initial Advance of $105,000 (Contract, § II.A.5; Watzke Decl. ¶ 7), the First Additional Advance of $50,000 (Watzke Decl. at Exhibit 8; Neebling Depo p. 143) and the Second Additional Advance of $40,500 (Watzke Decl. ¶ 9; Neebling Depo pp. 143-44) to Systrans. Although Systrans has repaid some of this amount, at least $150,000 remains due and owing. Watzke Decl. ¶¶ 11-12.

Far from a material factual dispute, Systrans has consistently *admitted* in this case that it owes $150,000 to IMIM. See Answer ¶ 18 (Systrans "admits that a balance of approximately $150,000 is owed"); Systrans Interrog. Resp. No. 9 ("Systrans owes [IMIM] approximately $150,000 calculated from various payments that IMIM made to Systrans in an amount greater than the value of services Systrans provided"). Furthermore, Systrans has no claims against IMIM that might otherwise operate as a setoff, as all of Systrans's claims against IMIM have been dismissed by this Court. Having admitted its liability, and having no claim against IMIM, there is no conceivable basis on which Systrans can avoid the entry of summary judgment in favor of IMIM.

## IV.  CONCLUSION

For the foregoing reasons, IMIM's motion for summary judgment should be granted and judgment should be entered in IMIM's favor in the amount of $150,000, plus accrued interest.

Dated:  June 21, 2007

Respectfully submitted,

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,**

By its attorneys,

_____/s/ Ira K. Gross_____
Ira K. Gross (BBO #212720)
*igross@sandw.com*
Kevin M. Colmey (Admitted *Pro Hac Vice*)
*kcolmey@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts  02109
(617) 338-2800

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 21, 2007.

_____/s/ Kevin M. Colmey_____