**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC.<br><br>Plaintiff,<br><br>v.<br><br>SYSTRANS FREIGHT SYSTEMS, INC.,<br><br>Defendant | CIVIL ACTION<br>NO. 05 10890 RCL |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Systrans Freight Systems, Inc., by its attorneys, hereby opposes the Plaintiff Iron Mountain Information Management Inc.'s ("IMIM") motion for summary judgment and states as follows.

**I. STATEMENT OF FACTS**

Systrans incorporates herein its attached Statement of Disputed Material Facts (which in turn incorporates the Declaration of Ilya Shapiro, Esq. and the Affidavit of James Neebling, and the exhibits annexed thereto). For purposes of this opposition, Systrans accepts the material facts as stated in IMIM's Statement of Facts, except that Systrans technically owes IMIM only $150,000—not $166,000—which amount is otherwise set off as discussed herein. Disputed Facts ¶ 9. Also, in lieu of accepting Section B, "The Contract," Systrans states that the Systrans Contract speaks for itself.

## II. ARGUMENT

### A. Standard

Summary judgment is only warranted if, after reviewing the facts in the light most favorable to the non-moving party, no genuine issues of material fact remain and the moving party is entitled to judgment as matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine" issue of fact is one that a reasonable jury, on the record before the court, could resolve in favor of either party. *Anderson*, 477 U.S. at 248. A fact is material when it "might affect the outcome of the suit under the governing law." *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90 (1st Cir.1993) (citing *Anderson*, 477 U.S. at 248). The opposing party can avoid summary judgment by providing evidence of disputed material facts that would require trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Systrans Admits That It Would Technically Owe IMIM $150,000, and This Amount Will Be Set Off by the Debt IMIM Owes Systrans and by the Final Judgment in the Companion *Carr* Case

IMIM submits over 100 pages to gain summary judgment on an issue Systrans has never disputed: That in an accounting vacuum Systrans owes it $150,000. Disputed Facts ¶ 9. Systrans reiterates that this amount is technically owed but for certain set-offs, and has also presented evidence that the Plaintiff itself owes over $49,000. Disputed Facts ¶ 11. And Systrans's debt will be offset by the amount the Plaintiff owes Thomas Carr (via Systrans) in the case with which this one is consolidated. *See* Carr's Disputed Facts, filed concurrently with this Opposition, at ¶¶ 12-14.

There is no reason for this motion. It is crystal clear that the parties vigorously dispute whether, "at the end of the day," how much each may owe the other.

## IV. CONCLUSION

For the foregoing reasons, Systrans requests that the Court deny the Plaintiff's motion for summary judgment and allow these consolidated cases to proceed to trial.

Respectfully submitted,

July 10, 2007

/s/  Read K. McCaffrey
Read K. McCaffrey (admitted *pro hac vice*)
Ilya Shapiro (admitted *pro hac vice*)
PATTON BOGGS, LLP
2550 M Street, NW
Washington, DC 20005
(202) 457-6000
rmccaffrey@pattonboggs.com
ishapiro@pattonboggs.com

Certificate of Service

I certify that on this 10th day of July, 2007, I caused to be served on the counsel identified by e-mail, first-class mail, and through the ECF system this **Defendant's Opposition to Plaintiffs' Motions for Summary Judgment**.

>Ira K. Gross (BO #12720)
>Kevin M. Colmey (admitted *pro hac vice*)
>SULLIVAN & WORCESTER LLP
>One Post Office Square
>Boston, MA 02109
>(617) 338-2800


>/s/ Ilya Shapiro
>Ilya Shapiro

4896289