**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC. <br><br> Plaintiff, <br><br> v. <br><br> SYSTRANS FREIGHT SYSTEMS, INC., <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION <br> NO. 05 10890 RCL |

**DEFENDANT'S STATEMENT OF DISPUTED MATERIAL FACTS**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant Systrans Freight Systems, Inc., by its attorneys, hereby submits this response to the Plaintiff's statement of undisputed materials facts and its own statement of disputed material facts in support of its Opposition to the Plaintiff's Motion for Summary Judgment. Systrans submits herewith and incorporates by reference the Declaration of Ilya Shapiro, Esq. and the Second Declaration of James Neebling, and the exhibits annexed thereto.

First, Systrans responds to the Plaintiff's list of undisputed material facts as follows:

1.-3. Systrans does not dispute these facts other than to state that the contract at issue speaks for itself.

4-8. Systrans does not dispute, and has never disputed, that it accepted advances in the amounts listed. It states, however, that it only accepted the final, $40,500 advance because the Plaintiff promised to give it additional business, which promise was never fulfilled. *See* Neebling Aff. ¶ 38.

4896290

9. Systrans disputes the arithmetic conclusion that it still owes the Plaintiff about $166,000. As stated and cited by the Plaintiff in its memorandum supporting its motion, Systrans may technically owe the Plaintiff about $150,000, otherwise set off as discussed. *See* Neebling Aff. ¶ 40; Pl. Memo at 1, 4.

10.-14. Systrans does not dispute the Plaintiff's presentation of this case's procedural history, but does dispute whether such a recitation belongs in a "statement of undisputed material facts."

In addition to the above response, Systrans also presents evidence of the following material facts that the Plaintiffs dispute:

11. The Plaintiff owes Systrans $49,034 in unpaid delivery charges. *See* Neebling Aff. ¶ 40.

12. Systrans began paying off its debt to the Plaintiff as soon as it began receiving the Plaintiff's business. As both parties agreed, Systrans's president, James Neebling, deducted a portion of the Plaintiff's loan/advances on each invoice Systrans submitted for payment. Systrans never stopped paying down its debt until the Plaintiff ended the parties' business relationship by filing this lawsuit in May 2005. *See* Neebling Aff. ¶ 39.

13. Systrans would have earned net profits of at least $4.5 million per year from the annual gross revenues of $45 promised by the consolidated Plaintiffs. *See* Neebling Aff. ¶ 41.

Respectfully submitted,

July 10, 2007

/s/ Read K. McCaffrey
Read K. McCaffrey (admitted *pro hac vice*)
Ilya Shapiro (admitted *pro hac vice*)
PATTON BOGGS, LLP
2550 M Street, NW
Washington, DC 20005
(202) 457-6000
rmccaffrey@pattonboggs.com
ishapiro@pattonboggs.com

4896290

Certificate of Service

I certify that on this 10th day of July, 2007, I caused to be served on the counsel identified by e-mail, first-class mail, and through the ECF system this **Defendant's Statement of Disputed Material Facts**.

>Ira K. Gross (BO #12720)
>Kevin M. Colmey (admitted *pro hac vice*)
>SULLIVAN & WORCESTER LLP
>One Post Office Square
>Boston, MA 02109
>(617) 338-2800


>/s/ Ilya Shapiro
>Ilya Shapiro

4896290