UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS CARR,<br><br>Defendants. | Civil Action<br>No. 05 10890 RCL |
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,<br><br>Plaintiff,<br>v.<br><br>SYSTRANS FREIGHT SYSTEMS, INC.,<br><br>Defendant. | Civil Action No.<br>05 10999 RCL (consolidated) |

## PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE AND SEQUESTER WITNESSES

Pursuant to Fed. R. Evid. 615 and 602, Plaintiffs/Counterclaim-Defendants Iron Mountain Incorporated and Iron Mountain Information Management, Inc. (together, "Iron Mountain"),[1] respectfully move to exclude and sequester the witnesses of Defendant/Counterclaim-Plaintiff Thomas Carr ("Carr").

---

[1] On February 4, 2008, this Court granted a motion for summary judgment filed by Plaintiffs/Counterclaim-Defendants C. Richard Reese, John F. Kenny, Jr, Garry B. Watzke, Larry L. Varn and Charles G. Moore (the "Individuals") and issued a judicial declaration that the Individuals "have no agreements or other legal obligations to [Thomas] Carr...."

As discussed more fully in the accompanying Memorandum in support hereof, in this case for breach of an alleged oral contract, the interests of justice are best served by eliminating the possibility that Carr's witnesses will conform their testimony or have their memory inappropriately "aided" by the testimony of other witnesses.

WHEREFORE, Iron Mountain respectfully requests that the Court enter an Order:

(i) excluding and sequestering all of Carr's witnesses from the courtroom unless under examination; and

(ii) prohibiting Carr's witnesses from discussing their testimony with any other witnesses for the duration of these proceedings; and

(iii) prohibiting Carr's witnesses from reviewing any transcripts or other recordings of the testimony of other witnesses; and

(iv) prohibiting Carr's counsel from discussing with any of Carr's witnesses the testimony of any prior witness until all witnesses have testified.

Dated: April 3, 2008

Respectfully submitted,

**IRON MOUNTAIN INCORPORATED
and
IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,**

By their attorneys,

/s/ Ira K. Gross
Ira K. Gross (BBO# 212720)
*igross@sandw.com*
Kevin Colmey (Admitted *Pro Hac Vice*)
*kcolmey@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109

## LOCAL RULE 7.1 CERTIFICATION

I, Nicholas M. O'Donnell, Esq., certify that on April 2, 2008, as counsel for Iron Mountain Incorporated and Iron Mountain Information Management, Inc., I spoke with Kristen M. Johnson, Esq., counsel for Defendant/Counterclaim-Plaintiff Thomas Carr, in a good faith effort to resolve the subject of the within motion, but the parties were unable to resolve the issue.

/s/ Nicholas M. O'Donnell

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 3, 2008.

/s/ Kevin M. Colmey