UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED;<br>IRON MOUNTAIN INFORMATION<br>MANAGEMENT, INC.; C. RICHARD<br>REESE; JOHN F. KENNY, JR.; GARRY<br>B. WATZKE; LARRY L. VARN; and<br>CHARLES G. MOORE,<br><br>          Plaintiffs,<br><br>          v.<br><br>THOMAS CARR,<br><br>          Defendants. | Civil Action<br>No. 05 10890 RCL |
| IRON MOUNTAIN INFORMATION<br>MANAGEMENT, INC.,<br><br>          Plaintiff,<br><br>          v.<br><br>SYSTRANS FREIGHT SYSTEMS, INC.,<br><br>          Defendant. | Civil Action No.<br>05 10999 RCL (consolidated) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE AND SEQUESTER WITNESSES

Pursuant to Fed. R. Evid. 615 and 602, Plaintiffs/Counterclaim-Defendants Iron

Mountain Incorporated and Iron Mountain Information Management, Inc. (together, "Iron

Mountain"),[1] respectfully submit the accompanying Motion in Limine to Exclude and Sequester

Witnesses of Defendant/Counterclaim-Plaintiff Thomas Carr ("Carr").

---

[1] On February 4, 2008, this Court granted a motion for summary judgment filed by Plaintiffs/Counterclaim-Defendants C. Richard Reese, John F. Kenny, Jr, Garry B. Watzke, Larry L. Varn and Charles G. Moore (the "Individuals") and issued a judicial declaration that the Individuals "have no agreements or other legal obligations to [Thomas] Carr...."

As discussed more fully below, in this case for breach of an alleged oral contract, the interests of justice are best served by eliminating the possibility that Carr's witnesses will conform their testimony or have their memory inappropriately "aided" by the testimony of other witnesses. Iron Mountain therefore requests that the Court enter an Order: (i) excluding and sequestering all of Carr's witnesses from the courtroom unless under examination; (ii) prohibiting Carr's witnesses from discussing their testimony with any other witnesses for the duration of these proceedings; (iii) prohibiting Carr's witnesses from reviewing any transcripts or other recordings of the testimony of other witnesses; and (iv) prohibiting Carr's counsel from discussing with any of Carr's witnesses the testimony of any prior witness until all witnesses have testified.    In further support of this motion, Iron Mountain states as follows:

### Background

1.      In response to Carr's repeated accusations throughout 2004 and 2005 regarding a series of supposed oral contracts with Iron Mountain and the Individuals, Iron Mountain and the Individuals filed this action and sought a binding judicial declaration that they had no contractual or other legal obligations to Carr.

2.      On October 26, 2005, Carr filed his Seconded Amended Counterclaims and attempted to state two counterclaims against Iron Mountain and the Individuals for breach of contract and fraudulent misrepresentation.

3.      Iron Mountain and the Individuals moved to dismiss Carr's counterclaims.  In a Report and Recommendation filed on March 13, 2006, Magistrate Judge Collings recommended that the Court dismiss Carr's fraudulent misrepresentation counterclaim, but also recommended that the breach of contract counterclaim against Iron Mountain and certain of the Individuals be allowed to proceed.  On March 31, 2006, this Court adopted Magistrate Judge Collings' recommendations.

4.    On June 21, 2007, Iron Mountain and the Individuals moved for summary judgment with respect to Carr's remaining breach of contract claim. On February 4, 2008, the Court entered an Order granting that motion with respect to the Individuals and entered a declaration that the Individuals had no contractual obligations to Carr.

5.    The Court also granted the motion for summary judgment with respect to Carr's counterclaim against Iron Mountain, except to the extent that the counterclaim related to two supposed oral promises made to Carr by Iron Mountain: (a) an alleged promise to give Carr $2 million; and (b) an alleged promise to pay for Carr's attorneys' fees in the amount of $17,500. These claims, along with Iron Mountain's underlying request for declaratory judgment, are the only remaining claims in this case.

6.    In his Rule 26 pretrial disclosures, Carr identified the following witnesses he intends to call at trial (other than Iron Mountain witnesses): James Neebling, Arthur Peslak, Judith Carr, Paul Schwartz, and Thomas Carr.[2]

**Argument**

7.    In this action for breach of oral contract, excluding and sequestering Carr's witnesses who are not under examination from the courtroom is reasonable and necessary. If Carr's witnesses are not barred from the courtroom, Iron Mountain anticipates that they will tailor their testimony according to what they hear from others, resulting in undue prejudice to Iron Mountain and the other parties to this case.

8.    Fed. R. Evid. 615 provides, in pertinent part, that "[a]t the request of a party the court *shall* order witnesses excluded so that they cannot hear the testimony of other witnesses ...." Fed. R. Evid. 615 (emphasis added). The rule is designed to preclude the possibility of one

---

[2] Carr also identified the following witnesses, which he may present if the need arises (other than Iron Mountain witnesses): Michael Chazen, Vincent Brana, Tammy-Phillips Kahn and Arturo Soto.

witness' testimony from improperly influencing the testimony of another witness and to aid in

the detection of disingenuous testimony. *United States v. Charles*, 456 F.3d 249, 258 (1st Cir.

2006) ("Rule 615 is about the sequestration of witnesses, and its purpose is 'to discourage and

expose fabrication, inaccuracy, and collusion'") (quoting *Opus 3 Ltd. v. Heritage Park*, 91 F.3d

625, 628 (4th Cir. 1996)).

        9.      Under Rule 615, witness exclusion is a matter of right. *United States v.*

*Sepulveda*, 15 F.3d 1161, 1175-76 (1st Cir. 1993) ("the rule cabins the judge's discretion by

affording all parties a *right* to close the courtroom to prospective witnesses") (emphasis in

original).

        10.     Along the same lines, Fed. R. Evid. 602 requires fact witnesses to testify based

upon their own personal knowledge. Fed. R. Evid. 602 ("[a] witness may not testify to a matter

unless evidence is introduced sufficient to support a finding that the witness has personal

knowledge of the matter").

        11.     Permitting Carr's fact witnesses in this action to hear the testimony of prior

witnesses, or to discuss proposed testimony with other witnesses, or to read the transcripts of

prior witnesses on facts revealed by prior witnesses, would allow Carr's witnesses to "tailor"

their testimony rather than testify based on their own personal knowledge. *Capeway Roofing*

*Sys., v. Chao*, 391 F.3d 56, 58 (1st Cir. 2004) ("Rule 615 requires that, upon a party's request,

the presiding official exclude witnesses from the room 'so that they cannot hear the testimony of

other witnesses' (and so tailor their own testimony)").

        12.     Under Rules 615 and 602, until all witnesses have testified in these proceedings,

Carr's witnesses should be excluded from the courtroom unless under examination. In addition,

Carr's witness should be prohibited from discussing their testimony with any other witnesses for

the duration of these proceedings, and prohibited from reviewing any transcripts or other

recordings of the testimony of other witnesses. Likewise, Carr's counsel should be prohibited from discussing with any future witness in this matter the testimony of any prior witness until all witnesses have testified. This practice has been categorized by the U.S. Supreme Court as "common." *Perry v. Leeke*, 488 U.S. 272, 281 (1989).

> Such nondiscussion orders are a corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections.

*Perry*, 488 U.S. at 281-82.

13.    Iron Mountain's counsel, as well as counsel to the other parties to this action, should be afforded the opportunity to test the memory, the accuracy and judgment of Carr's witness without those witnesses having heard or discussed the examination of prior witnesses.

14.    For the foregoing reasons, Iron Mountain respectfully requests that the Court enter an Order: (i) excluding and sequestering all of Carr's witnesses from the courtroom unless under examination; (ii) prohibiting Carr's witnesses from discussing their testimony with any other witnesses for the duration of these proceedings; (iii) prohibiting Carr's witnesses from reviewing any transcripts or other recordings of the testimony of other witnesses; and (iv) prohibiting Carr's counsel from discussing with any of Carr's witnesses the testimony of any prior witness until all witnesses have testified.

Dated: April 3, 2008

Respectfully submitted,

**IRON MOUNTAIN INCORPORATED
and
IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,**

By their attorneys,

/s/ Ira K. Gross
Ira K. Gross (BBO# 212720)
*igross@sandw.com*
Kevin Colmey (Admitted *Pro Hac Vice*)
*kcolmey@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts  02109

### Certificate of Service

I hereby certify that this document filed through the ECF
system will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF) and paper
copies will be sent to those indicated as non registered participants
on April 3, 2008.

/s/ Kevin M. Colmey