UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRON MOUNTAIN INCORPORATED; IRON MOUNTAIN INFORMATION MANAGEMENT, INC.; C. RICHARD REESE; JOHN F. KENNY, JR.; GARRY B. WATZKE; LARRY L. VARN; and CHARLES G. MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS CARR,<br><br>Defendants. | Civil Action<br>No. 05 10890 RCL |
| IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,<br><br>Plaintiff,<br>v.<br><br>SYSTRANS FREIGHT SYSTEMS, INC.,<br><br>Defendant. | Civil Action No.<br>05 10999 RCL (consolidated) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF THE ALLEGED PROMISES ON WHICH PLAINTIFFS HAVE BEEN GRANTED SUMMARY JUDGMENT**

Plaintiffs/Counterclaim-Defendants Iron Mountain Incorporated and Iron Mountain Information Management, Inc. (together, "Iron Mountain"),[1] respectfully submit the accomanying Motion in Limine to Preclude Evidence Regarding the Alleged Promises on which

---

[1] On February 4, 2008, this Court granted a motion for summary judgment filed by Plaintiffs/Counterclaim-Defendants C. Richard Reese, John F. Kenny, Jr, Garry B. Watzke, Larry L. Varn and Charles G. Moore (the "Individuals") and issued a judicial declaration that the Individuals "have no agreements or other legal obligations to [Thomas] Carr...."

Iron Mountain has been Granted Summary Judgment. Iron Mountain requests that the Court enter an Order precluding the Defendant/Counterclaim-Plaintiff Thomas Carr ("Carr") from introducing any evidence or offering any testimony regarding the promises allegedly made to him that are no longer at issue in this case. In further support of this motion, Iron Mountain states as follows:

**Background**

1. In response to Carr's repeated accusations throughout 2004 and 2005 regarding a series of supposed oral contracts with Iron Mountain and the Individuals, Iron Mountain and the Individuals filed this action and sought a binding judicial declaration that they had no contractual or other legal obligations to Carr.

2. On October 26, 2005, Carr filed his Seconded Amended Counterclaims ("SAC") and attempted to state two counterclaims against Iron Mountain and the Individuals for breach of contract and fraudulent misrepresentation.

3. Carr's counterclaim for breach of contract was based on allegations that Iron Mountain and/or the Individuals made seven oral "promises" and "assurances" which, according to Carr, were unfulfilled:

    a.    promise to give Carr $2 million so that he could satisfy certain obligations (SAC ¶¶ 16.5, 23, 29);

    b.    promise to pay for Carr's legal fees in a separate lawsuit that Carr filed in New Jersey against his former business colleague (SAC ¶¶ 16.1, 19, 23);

    c.    promise to provide a $5 million loan to Carr (SAC ¶¶ 16.2, 18);

    d.    assurances to a man named Paul Schwartz (who loaned money from Carr from time to time) that Carr was a good candidate to whom money could be loaned (SAC ¶¶ 16.6, 30);

    e.    assurances to "indemnify" Carr and his family if any "negative financial effects" befell them (SAC ¶¶ 16.7, 23);

- 3 -

    f.    promise to hire Carr as a consultant (SAC ¶¶ 16.3, 19, 22); and

    g.    promise to supply Systrans LLC, a transportation company owned by Carr's friend, James Neebling ("Neebling"), with either $25 million or $45 million in courier business per year for a period of five years (SAC ¶¶ 16.4, 18, 23).

4.    Iron Mountain and the Individuals moved to dismiss Carr's counterclaims. In a Report and Recommendation filed on March 13, 2006, Magistrate Judge Collings recommended that the Court dismiss Carr's fraudulent misrepresentation counterclaim, but also recommended that the breach of contract counterclaim against Iron Mountain and certain of the Individuals be allowed to proceed. On March 31, 2006, this Court adopted Magistrate Judge Collings' recommendations.

5.    On June 21, 2007, Iron Mountain and the Individuals moved for summary judgment with respect to Carr's remaining counterclaim for breach of contract. In that motion, Iron Mountain and the Individuals specifically requested that the Court "enter a declaration that they have no contractual or other legal obligations to [Carr] and dismiss Carr's counterclaim for breach of contract."

6.    On February 4, 2008, after hearing argument from counsel, the Court entered an Electronic Order granting the motion for summary judgment with respect to the Individuals, and entered a declaration that the Individuals have no contractual obligations to Carr. The Court partially granted the motion for summary judgment with respect to Iron Mountain, denying the motion only with respect to two of the seven supposed oral promises: (a) the alleged promise to give Carr $2 million; and (b) the alleged promise to pay for Carr's attorneys' fees in the amount of $17,500. The Court ruled that the "[t]he motion is otherwise granted."

**Argument**

7.  Carr should be precluded from introducing any evidence or offering any testimony regarding the five alleged promises on which Iron Mountain and the Individuals have been granted summary judgment.

8.  It is axiomatic that "[o]nce a district judge issues a partial summary judgment order removing certain claims from a case, the parties have a right to rely on the ruling by forbearing from introducing any evidence or cross-examining witnesses in regard to those claims." *Alberty-Velez v. Corporacion de P.R. Para la Diffusion Publica*, 242 F.3d 418, 424-25 (1st Cir. 2001) ("*Alberty I*") (citing *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 386 (2d Cir. 1989)); *Blagbrough v. Town of Wilton*, 755 A.2d 1141, 1146 (N.H. 2000) (same).

9.  Where, as here, a motion for summary judgment is partially granted, the remaining undisputed facts are deemed "established, and the trial shall be conducted accordingly." Fed. R. Civ. P. 56(d). In *Alberty I*, the First Circuit stated that a partial summary judgment adjudication is akin to a pretrial order under Fed. R. Civ. P. 16, inasmuch as it "narrows the scope of trial." *Alberty-Velez*, 242 F.3d at 422; *see also Alberty-Velez v. Corporacion de P.R. para la Difusion Publica*, 361 F.3d 1, 6 n.5 (1st Cir. 2004) ("*Alberty II*") (a partial summary judgment order is a "pre-trial adjudication that certain issues are established for trial") (citations omitted).

10. Here, the Court narrowed the scope of trial considerably when it granted summary judgment in Iron Mountain's favor with respect to five of the seven alleged promises. Iron Mountain has a right to rely on that ruling, and should not be forced to introduce evidence or cross examine witnesses with respect to alleged promises that the Court already put to bed.

11.     The law of the case doctrine also precludes Carr from presenting evidence or testimony regarding the five alleged promises that were dismissed on summary judgment. Under that doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (citation omitted).

12.     The law of the case doctrine prevents the agitation of issues and promotes the finality and efficiency of the judicial process. *Christianson*, 486 U.S. at 816; *see also In re Cabletron Sys., Inc.*, 311 F.3d 11, 22 (1st Cir. 2002) (federal courts "refuse to reopen what has been decided"); *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 169 (11th Cir. 1994) (doctrine "encompasses all things 'decided by necessary implication as well as those decided explicitly'") (citation omitted).

13.     In granting partial summary judgment to Iron Mountain, the Court has already limited the issues to just two of the alleged promises advanced by Carr. The Court's Order constitutes law of the case and governs the course of trial, thereby precluding evidence of the now-irrelevant claims. A virtually identical issue was presented in *Guzman v. Arellano Villoldo*, 245 F. Supp. 2d 388 (D.P.R. 2003), and the court held:

> The opinion and order issued by the court on May 14, 2002, limited the issues in dispute to the damages suffered by the Garcias as a result of the wrongful attachment of funds. It did so both explicitly and by implication, and it was understood ever since that the trial was so limited. Said opinion and order granting partial summary judgment constitutes the law of the case and as precedent makes clear it governs the subsequent course of the litigation. <u>*Consequently, the presentation of evidence with respect to liability on the fear-of-attachment claim is precluded, and thus becomes irrelevant at trial*</u>.

*Id.* at 393 (emphasis added).

14. For the foregoing reasons, Carr should be precluded from introducing any evidence or offering any testimony regarding the five alleged promises on which Iron Mountain and the Individuals have been granted summary judgment.

Dated: April 3, 2008

Respectfully submitted,

**IRON MOUNTAIN INCORPORATED
and
IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,**

By their attorneys,

/s/ Ira K. Gross
Ira K. Gross (BBO# 212720)
*igross@sandw.com*
Kevin Colmey (Admitted *Pro Hac Vice*)
*kcolmey@sandw.com*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 3, 2008.

/s/ Kevin M. Colmey